KREBS PIGMENT & CHEMICAL CO. et al. v. SHERIDAN.

No. 5573.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1935.

Rawle & Henderson, of Philadelphia, Pa., and Single & Tyler, of New York City (Wilbur H. Hecht and Forrest E. Single, both of New York City, and Thomas F. Mount, of Philadelphia, Pa., of counsel), for appellants.

Shields, Clark, Brown & McCown, of Philadelphia, Pa. (Samuel B. Fortenbaugh, Jr., of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and KIRKPATRICK, District Judge.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Eastern District of Pennsylvania. The nominal libelant is Krebs Pigment & Chemical Company, the owner of a cargo of barytes ore which was sunk and lost when the respondent's lighter, the Mack, capsized. The real libelant is the Automobile Insurance Company of Hartford, which insured the cargo and reimbursed the nominal libelant for its loss. The Union Stevedoring Company loaded the ore onto the lighter Western and the Mack. When the stevedore found that the Western listed from an overload, it transferred part of the overload to the Mack. At the close of the working day, it left the Mack in the pier slip in crowded quarters. During the night the Mack started to leak and capsized. The entire cargo was lost.

The libel alleges negligence of the respondent "in the loading, stowage, custody, care and delivery of said barytes ore," but does not allege unseaworthiness of the Mack. The District Court held that the respondent had overcome the inference of negligence arising from the nondelivery of the cargo; that the capsizing of the Mack was due to the acts of others over whom the respondent had no control; and that the loss was due to the unsafe berth of the Mack in the pier slip. We think the evidence justified the District Court's findings and conclusions on the issue of negligence.

The libelant maintains that the respondent breached the implied warranty that the Mack was seaworthy. The respondent introduced evidence tending to show the seaworthiness of the Mack. In addition, it relied upon admissions made by the real libelant, the Automobile Insurance Company, which had insured the hull of the Mack and paid the respondent for damages arising out of the same accident. The Automobile Insurance Company, as subrogee to the rights of the owners of the Mack, brought suit in admiralty against the Union Stevedoring Company and others. In that suit it alleged that the Mack was seaworthy. We think that, inasmuch as the Automobile Insurance Company is the real party in interest, its admissions in that suit were properly allowed in evidence in the instant suit. The findings by the District Court as to seaworthiness of the Mack are sustained by the evidence. We adopt the reasoning, fact findings, and conclusions of the District Court.

Decree affirmed.