# 770

517 P.2d 905

**FAMILY FARM & NORTH 10 RIDING ACADEMY, INC., a New Mexico corporation, Plaintiff-Appellee and Cross-Appellant,**

v.

**Bill CAIN, Defendant-Appellant and Cross-Appellant,**

and

**Caroline I. STEVENSON, Defendant-Appellee and Cross-Appellee.**

**No. 9694.**

Supreme Court of New Mexico.

Jan. 4, 1974.

Miller & Melton, Robert E. Melton, Albuquerque, for defendant-appellant.

E. Douglas Latimer, Albuquerque, for plaintiff-appellee.

Houston & Housman, David G. Housman, Albuquerque, for defendant-appellee.

## OPINION

MONTOYA, Justice.

This was an action for damages sustained as a result of the alleged failure of defendants, Cain and Stevenson, to perform under a lease. The parties will be referred to as they appeared below. Plaintiff Family Farm & North 10 Riding Academy, Inc., a New Mexico corporation, was allowed to file a first amended complaint and both plaintiff-corporation's complaint and first amended complaint were dismissed for failure to state a claim upon which relief could be granted. Plaintiff-corporation was given leave to and did file a second amended complaint alleging, among other things, that a lease had been entered into between plaintiff-corporation and defendant Cain. Both defendants generally denied all the allegations of the second amended complaint and pled the statute of frauds and failure of consideration as defenses. The cause was tried without a jury and judgment was entered for plaintiff-corporation against Cain. The cause was dismissed as against Stevenson. Defendant Cain appeals and plaintiff-corporation cross-appeals.

The record reveals the following pertinent facts: About February of 1970, defendants Cain and Stevenson met with one Mario Di Gesu regarding the possible lease of certain lands. Tentative agreements were reached and Di Gesu had his attorney prepare a lease agreement, which was never executed because of objections on the part of Cain. Thereafter, Stevenson moved horses and equipment belonging to her onto the premises, beginning sometime in March 1970. None of the horses or equipment were the property of Cain.

Defendants attempted to make a structure on the premises useable and safe for occupancy by Stevenson's horses. However, there was a wind storm in June 1970, and the structure collapsed.

It was alleged in the second amended complaint that defendants enterd into a separate and distinct oral agreement to build a barn, an agreement which was denied by defendants. No writing or memo-

randum of any type concerning this agreement was alleged, and testimony discloses that the alleged oral agreement was never reduced to writing.

During this time, Stevenson kept her horses on the premises and entered into several agreements with Di Gesu wherein she operated pony rides for him, rented her horses for him, used her horses for the promotion of Di Gesu's business, and also for the mutual benefit of both herself and Di Gesu. Cain did not participate in these activities, nor did he share in the proceeds. Suffice it to say, the record discloses still other financial transactions concerning the parties herein.

Defendant Cain sets forth four points on appeal. First, Cain contends that plaintiff-corporation was not a party to this action and had no interest in the controversy; second, that the district court erred in refusing to dismiss plaintiff-corporation's second amended complaint; third, that there was no valid and enforceable contract between plaintiff-corporation and himself, but that if such a contract did exist, then Stevenson was also a party; fourth, that if plaintiff-corporation was entitled to damages, the damage award was excessive. We feel that point one is dispositive of this appeal.

This action was filed naming as plaintiff "FAMILY FARM & NORTH 10 RIDING ACADEMY, INC., a New Mexico corporation." At trial, however, no proof was offered to either identify the corporation or show that the said corporation had any interest in the controversy. The only proof offered concerning the identification of the named plaintiff was the following direct examination of Di Gesu by plaintiff-corporation's attorney:

"Q. State your full name, please.

"A. Mario Di Gesu.

"Q. Are you the plaintiff in this action, Mr. Di Gesu?

"A. Yes, sir."

The district court found that an oral agreement was entered into by plaintiff-corporation and defendant Cain, whereby an existing structure on plaintiff-corpora-tion's land would be remodeled and enlarged by Cain, and held that such alleged oral contract was valid and enforceable. We do not find in the record any evidence that plaintiff-corporation was in any way a party to the alleged oral contract, or that it had any interest in the controversy. This question was considered in Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967), where we stated (78 N.M. at 175, 429 P.2d at 373):

"It is a general rule of law that one who is not a party to a contract cannot maintain a suit upon it. [Citations omitted.] * * *."

From the testimony of the parties herein, it is clear that Di Gesu was the party prosecuting this action. These points were brought to the attention of the trial court in the following requested findings of fact and conclusions of law submitted by Cain: (Findings of fact)

"2. That no evidence was introduced to prove the ownership of the real estate described in Plaintiff's Complaint, which is the main subject matter of this lawsuit.

"22. That no evidence was offered by Plaintiff to establish that one MARIO DeGESU was in any way acting for Plaintiff or had authority to enter into any agreement in its behalf with the Defendants or either of them."

(Conclusions of law)

"2. That Plaintiff is not entitled to recover against Defendant CAIN for the reason that it has failed to prove ownership or other interest in the real estate described in Plaintiff's Complaint, which would have entitled it to exercise proprietary rights over same and enter into agreements with Defendants, or either of them.

"9. That no one with authority to contract for or on behalf of Plaintiff entered into any agreements with Defendants, or either of them, respecting the subject matter of this litigation."

It is to be noted that plaintiff in this case was denominated in the caption of the second complaint as "FAMILY FARM & NORTH 10 RIDING ACADEMY, a New Mexico corporation," and in the body of the complaint the only reference to the party bringing the action is by the designation "plaintiff." No evidence was presented to show that the corporation was in existence, or to show that it had any interest in the subject matter of the litigation. No attempt was made to show what interest Di Gesu had in the corporation as a stockholder, officer or agent.

The trial court concluded that there had been an oral agreement between plaintiff (corporation) and Cain which was valid and enforceable. However, no proof was adduced to show that plaintiff-corporation was in any way a party to the said oral agreement. Our Rules of Civil Procedure, Rule 17(a), (§ 21–1–1(17)(a), N.M.S.A., 1953 Comp., Repl. Vol. 4, 1970), requires that every action must be prosecuted in the name of the real party in interest. The only proof of interest in the controversy is the testimony of Di Gesu that he was the plaintiff. The judgment, however, is in favor of the plaintiff-corporation.

As we view the matter, it was error for the trial court to grant judgment to plaintiff-corporation, as the actual party to the alleged oral contract upon which the judgment is based was Di Gesu and not plaintiff-corporation.

Therefore, we hold that the trial court's findings and conclusions to the effect that plaintiff-corporation was in any way involved in the oral agreement between the parties are not supported by any evidence. Neither were the findings of the trial court that plaintiff-corporation was damaged supported by any evidence in the record. There being no findings to support the conclusions of law made by the court, plaintiff-corporation's claim must fail. No evidence appears in the record which in any way tends to prove plaintiff-corporation's claim of any oral agreement or dealings with defendants. Therefore, no judgment can be entered in its favor.

Plaintiff-corporation's claim that defendant Cain failed to raise the issue of the proper party is without merit. The above quoted requested findings of fact and conclusions of law submitted by defendant Cain are sufficient to alert the trial court and to call to its attention the lack of any evidence to prove plaintiff-corporation's interest or any enforceable right, as alleged in its complaint. Such failure of proof must defeat any judgment rendered in its favor.

As this issue is dispositive of this matter on appeal, discussion of defendant Cain's other points would serve no useful purpose. In view of the foregoing, we reverse the judgment of the trial court with respect to Cain, and affirm the trial court's judgment as to Stevenson. Accordingly, the cause is remanded to the trial court with direction to set aside that portion of its judgment awarding plaintiff-corporation damages against defendant Cain, and to dismiss the complaint against him and award him costs as provided by law.

It is so ordered.

McMANUS, C. J., and OMAN, J., concur.