558 P.2d 55

**Rudolf JESKO et al., Plaintiffs-Appellees,**

**v.**

**STAUFFER CHEMICAL COMPANY, a corporation, and Occidental Chemical Company of Texas, a corporation, Defendants-Appellants.**

**No. 2602.**

Court of Appeals of New Mexico.

Nov. 30, 1976.

Rehearing Denied Dec. 10, 1976.

Thomas W. Olson, Montgomery, Federici, Andrews & Hannahs, Santa Fe, for Stauffer Chemical Co.

G. Gordon Robertson, Robertson & Robertson, Raton, for Occidental Chemical Co. of Texas.

Charles D. Alsup, Alsup & Jones, Clayton, for plaintiffs-appellees.

## OPINION

WOOD, Chief Judge.

Plaintiffs sued for damage to corn crops caused by the chemical, Eradicane. The first two counts of the complaint alleged breach of express and implied warranties. The third count sought to enforce an alleged agreement as to the amount of damage. Defendant Occidental (Occidental Chemical Company of Texas, a corporation) distributed the Eradicane; defendant Stauffer (Stauffer Chemical Company, a corporation) was the manufacturer. Occidental cross-claimed against Stauffer. The trial court judgment was against both defendants on plaintiffs' complaint and against Stauffer on the cross-claim. Both defendants appeal. Occidental's appeal was for the purpose of preserving its judgment on the cross-claim or, in the alternative, to obtain the same appellate relief as Stauffer. The issues concern: (1) cause of damage, (2) evidence of other Eradicane claims, (3) findings of the trial court, and (4) real party in interest.

*Cause of Damage*

Plaintiffs claimed damage to three of their corn fields. At the beginning of the trial Stauffer admitted "we are responsible" for Eradicane damage to two of the fields, contesting only the amount of damage. The issue of causation is directed to the third field of 165 acres. Stauffer claims there was no substantial evidence that Eradicane caused damage to the third field. The contention is that Jesko's testimony as to causation was incompetent. We disagree.

Jesko testified that in his opinion Eradicane caused damage to the third field.

Stauffer claims that Jesko testified as an expert as to the cause of damage, that he was not qualified as an expert because his experience was only as a farmer, and had no specialized knowledge indicating "familiarity with the manner in which specific herbicides might affect specific species of plants." See Evidence Rule 702.

Assuming, but not deciding, that Stauffer is correct in claiming that Jesko was not qualified to testify as an expert on causation, the question is whether Jesko's testimony was admissible as a non-expert.

Evidence Rule 701 states:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Jesko testified that he observed the damage to the corn on the two fields which Stauffer admitted was Eradicane damage. He was asked to compare what he observed in the two fields with what he observed in the third field. Jesko testified the damage looked the same except the damage in the third field was seen earlier. He testified that he observed damage in the third field at a later stage of growth. "As the corn got bigger it would grow, and then it had this familiar twist to the stalk. . . . Well, the twist on the stalks was all the same."

■ Jesko's opinion was rationally based on his own perceptions and was helpful to the determination of the causation issue. His opinion was admissible under Evidence Rule 701. *State v. Lujan,* 87 N.M. 400, 534 P.2d 1112 (1975), cert. denied, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed. 2d 400 (1975); *State v. Tixier,* 89 N.M. 297, 551 P.2d 987 (Ct.App.1976); Compare, *Reid v. Brown,* 56 N.M. 65, 240 P.2d 213 (1952); *State v. Ellis,* 89 N.M. 194, 548 P.2d 1212 (Ct.App.1976).

■ Jesko's comparative testimony, together with Stauffer's admission of Eradicane damage on two fields, was substantial evidence supporting the finding that Eradicane caused damage on the third field. Accordingly, we need not consider other evidence which plaintiffs assert proved Eradicane damage in the third field.

### Evidence of Other Eradicane Claims

■ During cross-examination of Jesko by Occidental, testimony was admitted, over Stauffer's objection, concerning Eradicane damage suffered by other farmers and the negotiation and settlement of those claims by Stauffer. In arguing for admissibility of this testimony, Occidental stated it proposed to show that these other claims "were investigated and settled by Mr. Ramsey on behalf of Stauffer", that this evidence tended "to show the authority of Mr. Ramsey."

Stauffer contends this testimony was not relevant. We disagree. Evidence Rule 401 defines relevant evidence as:

"[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

See *State ex rel. Hwy. Dept. v. Kistler-Collister Co., Inc.,* 88 N.M. 221, 539 P.2d 611 (1975).

The third count of the complaint sought to enforce an alleged agreement between plaintiffs and Stauffer. The cross-claim alleged that Stauffer "impliedly agreed and warranted to indemnify Occidental and to hold it harmless in respect of the claim of the plaintiffs." The challenged testimony was relevant to both of these issues.

Stauffer claims the challenged testimony was inadmissible under Evidence Rule 408. It reads:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a

claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

The Advisory Committee Notes to the Proposed Rules of Evidence for United States Courts states: "Since the rule excludes only when the purpose is proving the validity or invalidity of the claim or its amount, an offer for another purpose is not within the rule." The last sentence of the rule states: "This rule also does not require exclusion when the evidence is offered for another purpose". Compare *State v. Doak,* N.M., 554 P.2d 993 (Ct. App.1976). 2 Weinstein's Evidence, ¶ 408[05] (1975) states that evidence of a compromise "may be used to prove a consequential, material fact in issue other than validity or invalidity of the claim or its amount".

█ The third count of the complaint claimed that Stauffer had settled. Occidental claimed that Stauffer had impliedly agreed to indemnify and hold Occidental harmless from the claims of plaintiffs. Weinstein, supra, ¶ 408[04] states:

"If the acceptance of the compromise results in an enforceable contract, which is subsequently repudiated, the aggrieved party can obviously, in a suit on the contract, prove the offer of compromise, its acceptance, and the surrounding circumstances."

The challenged testimony does not go to the alleged agreements that Stauffer made with parties to this suit, but with Stauffer's agreements with third parties. The evidence, however, involved Ramsey in all of the purported agreements and a contested issue was Ramsey's authority to act on

Stauffer's behalf. Ramsey's authority was a consequential material fact in issue, other than the validity of the claim or its amount. Ramsey's dealings with third parties, accordingly, were not excluded by Evidence Rule 408. See *Lloyd v. Thomas,* 195 F.2d 486 (7th Cir. 1952); *Krebs Pigment & Chemical Co. v. Sheridan,* 79 F.2d 479 (3rd Cir. 1935).

█ Stauffer points out that the trial court admitted the challenged testimony on the issue of whether Eradicane caused the damage in the third field. The challenged testimony having been properly admitted, the fact that it may have been admitted on an erroneous basis does not aid Stauffer. *Matter of the Adoption of John Doe,* (N. M.Ct.App.) 555 P.2d 906, 1976.

*Finding of the Trial Court*

█ Civil Procedure Rule 52(B)(a) provides for findings of fact by the trial court. "We agree with the federal cases which, without exception, require adequate findings and insist on the exercise of an independent judgment on the part of the trial judge in making his own findings of fact rather than adopting those of one of the parties." *Mora v. Martinez,* 80 N.M. 88, 451 P.2d 992 (1969).

Stauffer states that the trial court "adopted verbatim each and every requested finding of fact submitted by the plaintiffs". Stauffer claims the trial court failed to exercise an independent judgment in making findings of fact and that under *Mora v. Martinez,* supra, the case should be remanded for new findings.

The record shows that the trial court adopted 31 findings of fact, these being all the requested findings submitted by plaintiffs. These were not all of the trial court's findings. It adopted 7 of the 14 requested findings submitted by Occidental. In addition, it adopted 1 of the 10 requested findings submitted by Stauffer. The fact that the trial court made its findings in the language submitted by the parties does not show an absence of independent judgment by the trial court. The fact that

the findings made were chosen from various requested findings indicates the exercise of an independent judgment. The fact situation here differs from that in *Mora v. Martinez*, supra, and that decision does not require a remand for new findings in this case.

### Real Party in Interest

■ Whether one is the real party in interest is to be determined by whether one is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit. *State Farm Mut. Auto. Ins. Co. v. Foundation R. Ins. Co.,* 78 N.M. 359, 431 P.2d 737 (1967). Civil Procedure Rule 17(a) provides that an action is to be prosecuted in the name of the real party in interest.

The evidence indicates that Jesko owned the farms where the corn was grown but had leased the farms to the partnership known as Saddle Mountain Land and Cattle Company. Jesko testified that payments under the lease had been made.

Jesko testified that he managed the farms for Saddle Mountain and was paid a salary plus 10% of the net profits. The salary had been paid. Stauffer introduced an exhibit indicating Saddle Mountain had a net loss for the year involved. The evidence indicates that there would be a net loss even if plaintiffs recovered the full amount prayed for in the complaint.

Stauffer moved that Jesko be dismissed as a party on the basis that he had no financial interest in the litigation and was not a real party in interest. Ruling on the motion was deferred. At the close of the evidence the trial court reminded counsel of the pending motion which was to be covered in briefs of counsel. The record does not contain such briefs, if in fact they were submitted.

■ Stauffer did not abandon its motion by taking an appeal before the trial court ruled on the motion. See *Owen v. Terrell,* 21 N.M. 647, 157 P.2d 672 (1916). There was no abandonment because Stauffer raised the issue in its requested findings and conclusions. *Family Farm & North 10 Riding Academy, Inc. v. Cain,* 85 N.M. 770, 517 P.2d 905 (1974).

The trial court did not rule on Stauffer's requested finding and requested conclusion to the effect that Jesko was not a real party in interest. The matter is not covered by the trial court's decision; there is no statement to the effect that requests not covered by the decision are refused. See *Chalmers v. Hughes,* 83 N.M. 314, 491 P.2d 531 (1971). The issue of whether Jesko is a real party in interest has never been decided by the trial court. The cause will be remanded for such a ruling. *Tabet Lumber Company v. Chalamidas,* 83 N.M. 172, 489 P.2d 885 (Ct.App.1971).

Oral argument is unnecessary. The monetary judgment against defendants and the judgment against Stauffer on Occidental's cross-claim are affirmed. The cause is remanded for a ruling as to whether the judgment should be in favor of all plaintiffs or only in favor of Saddle Mountain Land and Cattle Company.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.