605 P.2d 1151

**MOBILE INVESTORS, a General Partnership, Plaintiff-Appellant,**

v.

**Virgil A. SPRATTE and Garnet B. Spratte, Defendants-Appellees.**

**No. 12415.**

Supreme Court of New Mexico.

Jan. 24, 1980.

Sutin, Thayer & Browne, Irwin S. Moise, Marianne Woodard, Albuquerque, for plaintiff-appellant.

Rodey, Dickason, Sloan, Akin & Robb, Bruce D. Hall, Joseph J. Mullins, Albuquerque, for defendants-appellees.

## OPINION

FELTER, Justice.

Plaintiff partnership, Mobile Investors, filed suit in Bernalillo County District Court seeking specific performance of an option agreement in which defendants, Virgil A. and Garnet B. Spratte, agreed to sell a mobile home park to plaintiff upon exercise of the option. The case was tried on the merits to the court sitting without a jury. From a judgment entered for defendants, plaintiff appeals. We affirm.

John Henderson III, a commercial realtor and one of the plaintiff partners, had prepared the option contract and its addendum.

The "Option to Purchase Agreement", dated December 9, 1977, fixed a closing date "no later than December 10, 1978." The "Addendum to Option to Purchase", of the same date, provided that:

The OPTIONEE should advise the Sellers of their intention to exercise their option to Purchase, in writing on or before December 1, 1978. Failure on the part of the Optionee to exercise their option to purchase prior to 11 December 1978 will

cause all monies remaining in the Escrow account described above to revert to the Sellers. On the other hand, should the option be exercised in a timely manner, any monies remaining in the Escrow Account mentioned above will become the sole property of the OPTIONEE who would then be the Purchaser/Owner.

As reflected by the trial court's unchallenged findings of fact, plaintiff gave oral notice of intent to exercise the option on December 8, 1978. The exercise of the option required, inter alia, that plaintiff close the transaction on or before December 10, 1978. Plaintiff, on December 10, 1978, and at all times thereafter, was ready, willing and able to pay all sums due, and to perform all other acts required to complete the purchase.

The sole question raised on appeal is whether the trial court erred in construing the option agreement to require that notice of intention to exercise the option be given in writing on or before December 1, 1978.

 The primary objective in construing a contract is to ascertain the intention of the parties. *Schultz & Lindsay Construction Co. v. State,* 83 N.M. 534, 494 P.2d 612 (1972); *Jones v. Palace Realty Co.,* 226 N.C. 303, 37 S.E.2d 906 (1946). Such an objective is best achieved by giving great weight, if not the controlling weight, to the construction of the contract adopted by the parties, as reflected by available evidence. *Old Colony Trust Co. v. Omaha,* 230 U.S. 100, 33 S.Ct. 967, 57 L.Ed. 1410 (1913); *Schultz & Lindsay Construction Co. v. State, supra; Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.1972), *cert. denied,* 84 N.M. 512, 505 P.2d 855 (1972). But the problem here is that the provisions in the option and its addendum are ambiguous. It is unclear whether written notice of intent to exercise the option must be given on or before December 1, 1978; whether plaintiff's rights would be forfeited upon failure of this condition; or whether plaintiff could instead exercise its option by giving notice and doing all things to complete the purchase at any time on or before December 10, 1978. "The applicable rule [in such cases of ambiguity] requires the construction of . . . [the] uncertainties in a contract most strongly against the party who drafted the contract." *Schultz & Lindsay Construction Co. v. State, supra.* See also *Boswell v. Chapel,* 298 F.2d 502 (10th Cir. 1961); *East & West Ins. Co. of New Haven, Conn. v. Fidel,* 49 F.2d 35 (10th Cir. 1931).

 The "ambiguity" rule is applicable in this case because of the uncertainty in the option and its addendum, caused by plaintiff. Therefore, the ambiguities must be resolved against the plaintiff, and the decision of the trial court is affirmed.

IT IS SO ORDERED.

SOSA, C. J., and FEDERICI, J., concur.