619 P.2d 1237

**Sam ACQUISTO and Zulema Acquisto, Petitioners,**

**v.**

**JOE R. HAHN ENTERPRISES, INC., a New Mexico corporation, d/b/a Kitchen Concepts, Inc., Respondent.**

**No. 13179.**

Supreme Court of New Mexico.

Dec. 1, 1980.

**194**

Smith, Ransom & Gilstrap, Terry M. Word, Albuquerque, for petitioners.

Charles W. Rawson, Albuquerque, for respondent.

### OPINION

SOSA, Chief Justice.

The issue before this Court on certiorari is whether a lease agreement between petitioners–landlords and respondent–tenant relieves the tenant from liability for negligently causing a fire in the leased premises. The district court decided that the lease provisions did not absolve the tenant from liability and denied his motion for summary judgment. The case was tried on the merits and the jury found that the tenant was negligent. The tenant appealed. The Court of Appeals reversed the lower court on the bases that (1) specific exculpatory language was unnecessary to absolve the tenant from liability but rather the lease must be construed as a whole to determine the intent of the parties with respect to this issue, and (2) the lease itself is patently ambiguous thereby requiring extrinsic evidence to clarify the ambiguities. The Court of Appeals reversed and remanded for a determination of the parties' intent with respect to whether the tenant was to be responsible for his own negligence. We agree with the Court of Appeals that the lease should be construed as a whole but

disagree that the lease was patently ambiguous. We further disagree that specific exculpatory language was not necessary in this case to relieve the tenant from liability.

I. *Construction of the lease.* The parties entered into a lease agreement on November 16, 1976. During the lease term, a fire broke out in the leased building. The landlord sued the tenant for damages to his building allegedly caused by the tenant's negligence. On certiorari we are asked to construe the lease to determine whether the provisions relieve the tenant of liability for negligently causing the fire. The relevant provisions of the lease pertinent to the disposition of this case are as follows:

IV. USE OF PREMISES. Lessee, . . . hereby agrees and covenants with Lessor . . . not to use . . . said premises in any manner . . . so as to tend to increase the existing rate of fire insurance for the said demised premises.

V. CONDITION OF PREMISES AND REPAIRS. Lessee . . ., hereby agrees . . . that . . ., at the expiration of the term of this Lease, or any renewal or extension thereof, Lessee will yield up peaceably the said premises to Lessor in as good order and condition as when the same were entered upon by Lessee, *loss by fire or inevitable accident, damage by the elements, and reasonable use and wear excepted* ; . . . . (Emphasis added.)

XII. TAXES, OTHER ASSESSMENTS, AND INSURANCE. . . . Fire and extended coverage insurance upon all buildings, . . . upon the said premises shall be provided for as follows: _____, and fire and extended coverage insurance upon all of the contents . . . situated upon the said premises shall be provided for as follows: _____.

XV. DESTRUCTION. Lessee . . ., agrees and covenants with Lessor that if at any time during the term of this Lease . . ., the said demised premises shall be totally or partially destroyed by fire, earthquake, or other calamity, then Lessor shall have the option to rebuild or repair the same . . . .

The tenant contends that the lease provisions operate to relieve him of liability for *all* fires, including those he negligently causes. Whether express language must be used to exculpate a party to the lease is a question of first impression in New Mexico. The courts in other jurisdictions are divided on the issue. One line of cases hold that no specific exculpatory language is required and that the intent to relieve one of the parties from liability for negligence must be determined from the lease as a whole. *General Mills v. Goldman,* 184 F.2d 359 (8th Cir. 1950), *cert. denied,* 340 U.S. 947, 71 S.Ct. 532, 95 L.Ed. 683 (1951); *Cerny–Pickas & Company v. C. R. Jahn Company,* 7 Ill.2d 393, 131 N.E.2d 100 (1955); *Rock Springs Realty, Inc. v. Waid,* 392 S.W.2d 270 (Mo.1965). These cases hold that the parties' intent must be determined from the lease as a whole, in light of the subject matter, surrounding circumstances and the natural meaning of the language used. In all of these cases, the court found that the parties had intended that the landlord provide fire insurance for the benefit of both parties; this finding, coupled with the clause excepting loss by fire or other casualty, was sufficient to show an intent not to hold the tenant liable for his negligence. This is the line of cases upon which the Court of Appeals based its opinion. The second line of cases rejected by the Court of Appeals hold that the lease must state explicitly that the tenant is released from liability for a fire resulting from his own negligence. *Sears, Roebuck and Company v. Poling,* 248 Iowa 582, 81 N.W.2d 462 (1957); *Galante v. Hathaway Bakeries, Inc.,* 6 App.Div.2d 142, 176 N.Y.S.2d 87 (1958); *Winkler v. Appalachian Amusement Co.,* 238 N.C. 589, 79 S.E.2d 185 (1953). We hold that leases are to be construed as a whole to determine the parties' intent. In the absence of an agreement between the parties specifying which of them will carry fire insurance for the benefit of both parties, or an express clause in the lease relieving a party from his negligence, each party must bear the risk of loss for his own negligence.

II. *Ambiguities in the lease.* A lease is subject to the basic rules of contract construction. It must be read as a whole to effectuate the intent of the parties. We will not look beyond the four corners of the document unless the lease is ambiguous. *See Schaefer v. Hinkle,* 93 N.M. 129, 597 P.2d 314 (1979); *Sierra Blanca Sales Co., Inc. v. Newco Industries, Inc.,* 84 N.M. 524, 505 P.2d 867 (Ct.App.1972), *cert. denied,* 84 N.M. 512, 505 P.2d 855 (1972). The Court of Appeals found that the lease was patently ambiguous because Paragraph XII, which would have provided which party would carry fire insurance, was left blank. We disagree that this constitutes an ambiguity; rather it is a clear indication that the parties failed to agree which of them would provide the insurance. This conclusion is supported by the fact that the other blanks in the same paragraph providing for the payment of taxes were completed. We conclude that the parties were aware of the blanks relative to fire insurance and chose not to fill them in. Since we hold that the lease is complete, plain and unambiguous, parol evidence may not be introduced to vary the terms of the agreement. *Armijo v. Foundation Reserve Insurance Company,* 75 N.M. 592, 408 P.2d 750 (1965). The trial court properly excluded extrinsic evidence of the parties' intent with respect to fire insurance.

III. *Specific exculpatory language in the lease.* The tenant contends that the use of "fire" in Paragraph V of the lease operates to exculpate him from his negligence because it refers to *all* fires, including those caused by his negligence. We disagree. The word "fire" must be construed in the context of the other words in the clause, which provide that the tenant is to surrender the premises to the landlord in the same condition they were in at the beginning of the lease term, "loss by fire or inevitable accident, damage by the elements . . . excepted." The plain meaning of this language is that only fire caused by unavoidable consequences or acts of God were to be exempt, but not fire caused by negligence. The use of such phrases as "inevitable accident" and "damage by the elements" support this construction. These are all non–

negligent occurrences and we must construe "fire" to fall within the same type of occurrence.

The arguments that Paragraph IV, which prohibits the tenant from doing anything which would increase the insurance rates, or Paragraph XV, which gives the landlord the option of rebuilding the premises when loss by "fire, earthquake or other calamity" occurs, indicate an intent by the parties that the landlord provide fire insurance thereby relieving tenant from liability, are rejected. First, the type of "fire" referred to in Paragraph XV is that which can be classified as purely accidental and non–negligent. This is clear from the use of "other calamity" in the same clause, indicating a use of "fire" in the context of a calamity rather than in the context of negligence. Secondly, Paragraph IV is a clause found in many leases without regard to which party is responsible for providing insurance. It does not follow from the language therein that the landlord agreed to provide insurance. This is especially so when read in conjunction with Paragraph XII which is specifically designed to establish which party will carry the insurance. Since Paragraph XII is blank, the only logical conclusion to be drawn is that the parties did not agree that either of them would carry insurance.

■■ Having decided that the lease is not ambiguous, that the landlord did not agree to provide fire insurance, and that the use of "fire" does not include negligently caused fire, it follows that the responsibility for loss of the premises due to negligence must be borne by the negligent party. This is merely a restatement of the common law rule of tort liability. While the law allows one to exculpate himself by contract, it will do so only if the exculpation is set forth with such clarity that the intent to negate the usual consequences of tortious conduct is made plain. *Maiatico v. Hot Shoppes, Inc.*, 287 F.2d 349 (D.C. Cir. 1961); *Chicago & N. W. Ry. Co. v. Chicago Packaged Fuel Co.*, 195 F.2d 467 (7th Cir. 1952), *cert. denied*, 344 U.S. 832, 73 S.Ct. 39, 97 L.Ed. 648 (1952); *Fairfax Gas & Supply Co. v. Hadary*, 151 F.2d 939 (4th Cir. 1945);

*Sears, Roebuck & Co., supra.* In this case, where the parties failed to agree that one, or both, of them would carry fire insurance, and where there is no specific exculpatory language relieving the tenant from liability for negligence, each party will be responsible for damages caused by his negligence. This is more equitable than requiring the innocent landlord to pay for a fire he did not cause.

For the foregoing reasons we reverse the decision of the Court of Appeals and affirm the decision of the trial court.

EASLEY, Senior Justice, and PAYNE, FEDERICI and FELTER, JJ., concur.