622 P.2d 239

**Bill D. BARNES et al.,
Plaintiffs-Appellees,**

v.

**SADLER ASSOCIATES, INC.,
Defendants-Appellants.**

No. 13154.

Supreme Court of New Mexico.

Jan. 14, 1981.

Mirrer, Ryan, Orleans & Vener, Louis J. Vener, Albuquerque, for defendants-appellants.

James A. Thompson, Albuquerque, for plaintiffs-appellees.

OPINION

SOSA, Senior Justice.

The issue on appeal is whether the trial court erred in refusing to enter a judgment notwithstanding the verdict in favor of defendant on the issue of personal liability.

Defendant is a licensed building contractor whose business is incorporated and bears the trade name of S. A. I. Defendant contracted with plaintiffs to construct a residence and barn in exchange for cash and property. The contract was signed by plaintiffs and identified the contractor as "S. A. I., by Louis Sadler." Upon completion of the house and barn, the plaintiffs were dissatisfied with the workmanship and instituted a suit for breach of contract naming S. A. I. and Louis Sadler as co-defendants. Defendant Sadler moved for a directed verdict on the issue of his personal liability at the close of plaintiffs' case and again at the close of all evidence. These motions were denied and the cause submitted to the jury. Verdict was for plaintiffs against both the corporation and Louis Sadler in his individual capacity. Defendant Sadler moved for a judgment notwithstanding the verdict as to his individual liability which was denied. We reverse as to the personal liability and affirm as to the corporate liability.

On appeal this Court is bound by the general rule that where a motion for judgment notwithstanding the verdict is denied, the verdict of the jury will not be disturbed unless unsupported by substantial evidence. This Court will not reverse, unless, after viewing the evidence in the light most favorable to support the verdict, we are convinced that the verdict cannot be sustained either by the evidence or by permissible inferences therefrom. *Perschbacher v. Moseley*, 75 N.M. 252, 403 P.2d 693 (1965). *See Gray v. E. J. Longyear Company*, 78 N.M. 161, 429 P.2d 359 (1967) and *Tsosie v. Foundation Reserve Insurance Company*, 77 N.M. 671, 427 P.2d 29 (1967).

It is clear that the verdict of the jury as to the personal liability of Sadler is unsupported by substantial evidence. The contract identifies S. A. I. as the contracting party and the letters "S. A. I." are identified by the deed as the initials of Sadler and Associates, Inc. There is some ambiguity in the contract where Sadler's signature appears preceded by the word "by." However, this ambiguity should have been removed by his signature on the supplementary agreement entered into by the parties which identifies Sadler as the president of S. A. I..

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and has been defined as evidence of substance which establishes facts from which reasonable inferences may be drawn. *McCauley v. Ray*, 80 N.M. 171, 453 P.2d 192 (1968). Viewing the evidence and inferences most favorably toward plaintiffs, we are unable to find substantial or supportive evidence of the verdict reached by the jury regarding Sadler's personal liability. The corporation's identity and presence were fully disclosed to plaintiffs documentarily and it is well established that an agent acting within his authority for a disclosed principal is not personally liable unless he was expressly made a party to the contract or unless he conducts himself in such a manner as to indicate an intent to be bound. *Roller v. Smith*, 88 N.M. 572, 544 P.2d 287 (Ct.App.1975), *cert. denied*, 89 N.M. 6, 546 P.2d 71 (1975). For these reasons we reverse the verdict on the issue of Sadler's personal liability and remand for the entry of judgment in accordance with this opinion.

FEDERICI and RIORDAN, JJ., concur.