627 P.2d 864

**L. R. PROPERTY MANAGEMENT, INC., a corporation, Plaintiff-Appellee,**

v.

**James R. GREBE and Gregory J. Simon, d/b/a Burnt Wood, Inc., Defendants-Appellants.**

No. 13112.

Supreme Court of New Mexico.

March 16, 1981.

Rehearing Denied May 5, 1981.

Moses, Dunn, Beckley, Espinosa & Tuthill, Adelia W. Kearny, Albuquerque, for defendants-appellants.

Alfred M. Carvajal, Albuquerque, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

L. R. Property Management, Inc. (appellee), brought suit in the district court against James R. Grebe and Gregory J. Simon (appellants), individually, to recover damages for breach of a lease of premises in the Montgomery Plaza Shopping Center in Albuquerque. The trial court granted judgment for appellee. Appellants appealed to this Court. We reverse.

On or about June 24, 1975, appellants, doing business as Burnt Wood, Inc., entered into a written lease with Regional Properties of New Mexico, Inc., landlord of Montgomery Plaza. The premises were vacated prior to termination of the lease. Appellee, L. R. Property Management, Inc., filed suit upon the lease, alleging that it was the successor in interest to the original landlord.

The issues we discuss on appeal are: (1) whether L. R. Property Management, Inc. is a real party in interest, and (2) whether the terms of the lease provide for individual liability on the part of Grebe and Simon.

■ N.M.R.Civ.P. 17(a), N.M.S.A.1978 (Repl.Pamp.1980), requires every action to be prosecuted in the name of the real party in interest. A real party in interest is "determined by whether one is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit." (Citation omitted.) *Jesko v. Stauffer Chemical Company*, 89 N.M. 786, 790, 558 P.2d 55, 59 (Ct.App.1976).

Appellee submitted a bill to appellant Simon, billing him and/or the business for "Common Area Maintenance costs" dated "9–21–77." Appellee further submitted testimony by Roy Kane that he was the general manager of Montgomery Mall. In answers to interrogatories and in a letter placed in evidence, Mr. Kane indicated that he was employed by L. R. Property Management, Inc. Finally, appellee placed in evidence an order accepting a receiver's final account and report, and discharging it as a receiver for Montgomery Plaza dated July 11, 1977. Appellee states that this evidence is sufficient to show that it is the real party in interest.

■ This evidence does not establish that appellee is either the owner of a right or that it is in a position to discharge appellant from the liability being asserted in the suit. *Jesko, supra*. At the most, it only establishes that Kane worked for L. R. Property Management, Inc., and that L. R. Property Management, Inc. was sending bills to ap-

pellants for use of a common area in Montgomery Plaza.

One who is not a party to a contract cannot maintain a suit upon it. *Bank of New Mexico v. Rice*, 78 N.M. 170, 429 P.2d 368 (1967). If L. R. Property Management, Inc. was a successor in interest to a party on the lease, it was incumbent upon it to prove this to the court.

In *Family Farm & North 10 Riding Academy, Inc. v. Cain*, 85 N.M. 770, 517 P.2d 905 (1974), this Court considered a situation similar to the situation here where a corporation claimed to be a party. There, the Court stated: "No evidence was presented to show that the corporation was in existence, or to show that it had any interest in the subject matter of the litigation." *Id*. at 772, 517 P.2d at 907.

The original lease here was for more than one year and any assignment of it for a term greater than a year must be in writing to satisfy the statute of frauds. *Merrill v. Klein*, 51 N.M. 498, 188 P.2d 609 (1947). No assignment, either oral or written, appears in the record.

We hold that appellee did not establish that it was a real party in interest to the lease, and thus it is not entitled to judgment. The trial court is reversed on this issue.

Since disposition of this issue may not resolve the controversy between the parties, we also address the issue of individual liability of appellants.

■ The trial court found that "[t]he lease indicates that all the original parties intended that Defendants Simon And Grebe be bound individually as tenants." It is apparent from this finding that the trial court did not go beyond the four corners of the lease in determining individual liability. This is proper where a lease agreement is not ambiguous. *Higgins v. Cauhape*, 33 N.M. 11, 261 P. 813 (1927).

The lease provisions here name the parties in several places. On the cover page appears the following:

REGIONAL PROPERTIES OF NEW MEXICO, INC.

Landlord

Jim Grebe & Greg Simon

d/b/a

THE BURNT WOOD, INC.

Tenant

The first paragraph of the lease contains the following recitations:

THIS LEASE, made this 24th day of June, 1975, between REGIONAL PROPERTIES OF NEW MEXICO, INC., hereinafter designated "Landlord", and Mr. Jim Grebe and Mr. Greg Simon, d/b/a

THE BURNT WOOD, INC.

* * * hereinafter designated "Tenant".

The signature page of the lease shows:

REGIONAL PROPERTIES
OF NEW MEXICO, INC.
By [Signature]
    LANDLORD
ATTEST:
  [Signature]
Secretary
BURNT WOOD, INC.
By [Signature]
    Jim Grebe    TENANT
By [Signature]
    Greg Simon    TENANT
WITNESS:
  [Signature]

Similar designations of the parties appear in a Rider and a Memorandum Agreement, also admitted in evidence.

If we were looking solely to the signature lines on the contract, we would have no trouble in finding that the lease creates a corporate and not a personal obligation, as a matter of law. *Barnes v. Sadler Associates, Inc.*, 95 N.M. 334, 622 P.2d 239 (1981); *Carlesimo v. Schwebel*, 87 Cal.App.2d 482, 197 P.2d 167 (1948).

However, the introductory lines of the contract name the individuals, Grebe and Simon, "d/b/a THE BURNT WOOD, INC." This recitation arguably creates an ambiguity in the contract. We must look to the agreement as a whole in interpreting the intention of the parties. *Acquisto v. Hahn Enterprises, Inc.*, 95 N.M. 193, 619 P.2d 1237 (1980).

■ The lease was prepared by the landlord, its agents or employees. It would have been very easy for the landlord to create individual liability on the part of Grebe and Simon by indicating they were individually liable in the lease. The landlord did not do this. If an ambiguity was created, it must be construed most strongly against the landlord who prepared the lease. *Mobile Investors v. Spratte*, 93 N.M. 752, 605 P.2d 1151 (1980).

■ We conclude that even if an ambiguity existed in the lease, rules of construction require the ambiguity to be resolved against the appellee-landlord. Grebe and Simon are not individually liable on the contract. The trial court is reversed on both issues presented to this Court on appeal. The district court is directed to enter judgment in favor of appellants.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, J., concur.