**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**State of OHIO, Defendant-Appellant.**

**No. 78–3241.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 4, 1979.
Decided Dec. 27, 1979.

---

William J. Brown, Atty. Gen., John C. Duffy, Jr., Asst. Atty. Gen., Columbus, Ohio, for defendant-appellant.

James C. Cissell, U.S. Atty., Columbus, Ohio, M. Carr Ferguson, William L. Shraberg, Gilbert E. Andrews, William A. Whitledge, Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before LIVELY and MERRITT, Circuit Judges, and PECK, Senior Circuit Judge.

PECK, Senior Circuit Judge.

This is an appeal from an order of the district court staying proceedings of the Ohio Board of Tax Appeals.

The district court's order was in aid of its jurisdiction of an action brought by the United States, seeking a declaratory judgment of the illegality of a tax assessed by the Ohio Tax Commissioner.

The government's action had been filed at the request of the Departments of the Army, Navy, and Air Force; the Civil Defense Preparedness Agency; the National Aeronautics and Space Administration; and the Federal Highway Administration. These governmental agencies had entered into contracts with various private corporations; under these agreements, each contractor was required to purchase, on behalf of the United States, various items of personal property. Although the property acquired was to be used by the contractors in the performance of their government contracts, title to the property was to vest in the United States at the time of delivery of the property to the contractors by the various vendors.

On August 18, 1977, the Tax Commissioner of the State of Ohio levied sales and use tax assessments against the contractors. All of the assessments were based on the sale or use of property within the State of Ohio. Exactly one month after the assessments were made, they were challenged before the Ohio Board of Tax Appeals by three of the four government contractors against whom the assessments had been made.

On November 22, 1977, the United States Attorney for the Southern District of Ohio filed a complaint in that district alleging that the taxes assessed against the government contractors were improper under Ohio law.[1] A declaration of that impropriety was sought under 28 U.S.C. §§ 1345 and 2201 (1976).[2] On February 23, 1978, the district court, finding that it "appeared" that the United States had a "pecuniary interest in the proceedings pending before the Board of Tax Appeals of the State of Ohio," ordered those proceedings stayed in aid of the federal court's jurisdiction of the action filed by the United States. This appeal from that order followed.

In the course of this appeal, many issues have been raised by the parties which it is unnecessary or premature for this Court to address. The United States raised for the first time on appeal the argument that the taxes assessed by the State of Ohio against the contractors were, under *McCulloch v. Maryland,* 17 U.S. 315, 4 Wheat. 316, 4 L.Ed. 579 (1819), unconstitutional state tax-

ation of the federal government. For its part, the State of Ohio first challenged the statutory authority of the United States attorney to bring the declaratory judgment action, when the tax assessments the United States sought to have declared unlawful were against private contractors, and not the federal government; Ohio thereby apparently challenged the standing of the United States to seek a declaratory judgment of the illegality of the assessments. Second, the State questioned the power of district courts to stay the proceedings of a state tax board. In so doing Ohio relied on 28 U.S.C. § 1341 (1976), which provides that

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

None of these issues raised by the parties is a proper ground for a decision of this Court on this appeal.

The United States' complaint did not assert that the state tax assessments were based on unconstitutional state laws; rather, the government alleged that by the assessments Ohio violated its own laws. The district court's jurisdiction of these state-law questions was predicated only upon the United States' presence as plaintiff in the proceeding. Nevertheless, the submerged question of the constitutionality of the state taxation was bound to surface in the course of this litigation, as it did in this appeal.

---

1. The government's complaint referred to Ohio Revised Code §§ 5739.01(E)(1) & (2), 5741.01, and 5741.02(C)(2). These provisions define in part the sales and use of personal property which are taxable under Ohio law. Review of these statutes does not indicate that their purpose was to avoid unconstitutional taxation of the United States by a state.

2. § 1345. United States as plaintiff

Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress.

§ 2201. Creation of remedy

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954, [or a proceeding under section 505 or 1146 of title 11,] any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. (*As amended* Oct. 4, 1976, 90 Stat. 1719; Nov. 6, 1978, 92 Stat. 2672, 2682. *See* 28 U.S.C.A. § 2201 (1979 Supp.) ).

■ Since this lurking constitutional question might be avoided by the Ohio Tax Appeals Board's own interpretation of Ohio tax law, and since there is no indication that the question of the constitutionality of the state taxes could not be raised in the state forum, we hold that abstention by the district court from exercise of jurisdiction of the declaratory judgment action was proper under both the *Pullman* and *Younger* abstention doctrines.

In *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the issue was whether the Texas Railroad Commission had the authority under state law to issue an order which may have violated the Fourteenth Amendment. Since the constitutional question needed to be reached only if the Commissioner's order was found valid under state law, the Supreme Court held that it was proper to defer exercise of federal jurisdiction until uncertain state-law issues were clarified in the state courts. The possibility of friction between state and federal government could thus be avoided, and the district court would not be required to make a constitutional determination based on speculative interpretation of state law.

*Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), held that federal courts should not enjoin pending state criminal prosecutions unless the federally protected rights of the party seeking the injunction would very likely not be vindicated within the state judicial system. Four years after *Younger,* this doctrine was applied to civil proceedings initiated by the state, which were "akin" to criminal prosecutions. *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975). Finally, in *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), the Court held that "the principles of *Younger* and *Huffman* are not confined solely to the types of state actions which were sought to be enjoined in those cases." *Id.* at 430 U.S. 334, 97 S.Ct. 1217.

There are, then, at least two separate strands of federal abstention doctrine. *Pullman* counsels abstention when statutory interpretation in state forums might eliminate constitutional questions; *Younger* stresses respect for "comity and federalism," that is, proper deference to a state's interest in ongoing proceedings in its own forums, and deference to a state judiciary's power to consider constitutional claims. *See Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977). In deciding whether to apply the *Younger* doctrine, "the only pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims . . .." *Moore v. Sims,* 442 U.S. 415, 430, 99 S.Ct. 2371, 2381, 60 L.Ed.2d 994 (1979). *Accord, Flynt v. Leis,* 574 F.2d 874 (6th Cir. 1978), *rev'd on other grounds,* 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717 (1979).

We are unable to understand the Government's argument that immediate access to a federal forum is needed in this case, simply because the United States cannot be required to submit to the state tax board's jurisdiction. This does not mean that the United States could not intervene in the state proceedings nor that the contractors could not raise constitutional questions in those proceedings. Further, the fact that the state litigation is before an administrative body and not a state court is without legal significance. Ohio's legislators have entrusted appeals from the Tax Commissioner's orders to an expert administrative body. This serves to show that the questions of state law raised in such appeals are particularly inappropriate for adjudication in such a non-specialized forum as a federal district court.

■ Abstention from exercise of federal jurisdiction is not improper simply because the United States is the party seeking a federal forum. In *Leiter Minerals, Inc. v. United States,* 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957), the United States filed an action in district court to quiet title to certain mineral rights. Leiter had sought in state court to have itself declared the owner of the same rights; Leiter's claim was based on state law. The district court stayed the state proceedings, to which the United States was not a party.

The Supreme Court, on appeal, ordered abstention from immediate exercise of federal jurisdiction, saying:

[T]he fact that the United States is not a party to the state court litigation does not mean that the federal court should initiate interpretation of a state statute. In fact, where questions of constitutionality are involved—and the Government contends that an application of the state statute adverse to its interests would be unconstitutional—our rule has been precisely the opposite: "as questions of federal constitutional power have become more and more intertwined with preliminary doubts about local law, we have insisted that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law."

*Leiter* at 352 U.S. 228–29, 77 S.Ct. 292 (citation omitted).

Since the presence of the United States as a party to the district court proceeding is irrelevant to the issue of applicability of federal abstention doctrine, the present case lies within the rule of *Great Lakes Dredge & Dock Co. v. Huffman,* 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), in which the Supreme Court asserted the propriety of abstention from federal jurisdiction of a suit alleging the illegality of a state tax:

The considerations which persuaded federal courts of equity not to grant relief against an allegedly unlawful state tax . . . are persuasive that relief by way of declaratory judgment may likewise be withheld in the sound discretion of the court. With due regard for these considerations, it is the court's duty to withhold such relief when . . . it appears that the state legislature has provided that on payment of any challenged tax to the appropriate state officer, the taxpayer may maintain a suit to recover it back [*sic*]. In such a suit he may assert his federal rights and secure a review of them by this Court. This affords an adequate remedy to the taxpayer, and at the same time leaves undis-

turbed the state's administration of its taxes.

*Huffman* at 319 U.S. 300–01, 63 S.Ct. 1074.

The contractors in the instant case have a statutory right to appeal the decisions of the Board of Tax Appeals to either the Ohio Supreme Court or to the Ohio Court of Appeals. Ohio Revised Code § 5741.14. A final state judgment would, of course, be subject to discretionary review by the Supreme Court. There is, therefore, no reason to assume that any constitutional issues latent in the present case may not be raised and decided in the state forums, subject to federal review. We see no reason for interference with the proceedings before those forums, nor any irreparable harm which would be avoided by staying those proceedings.

We are in agreement with the recent ruling of the Second Circuit that a district court, confronted with a suit challenging state taxation, should not abstain from exercise of jurisdiction if (1) there are no unsettled questions of state law which affect federal claims; (2) present state proceedings would not be interrupted by exercise of federal jurisdiction; (3) and the most important questions of law presented by the suit are federal, not state, questions. *In the Matter of Levy,* 574 F.2d 128 (2d Cir. 1978). None of these criteria is met in the present case, in which federal jurisdiction has been invoked simply because the United States is the party-plaintiff. While federal jurisdiction of cases brought by the United States has unquestionably been granted by Congress, exercise of this jurisdiction must be tempered by the judicial doctrine of abstention whenever the interest of states in administering their own laws, as well as in deciding constitutional questions, would be unnecessarily hampered by federal judicial proceedings.

Ongoing state proceedings should not be readily halted by federal courts, even when those courts are asked to entertain actions directly challenging state taxation on constitutional grounds. A district court's abstention from, and dismissal of, an action alleging the discriminatory character

and unconstitutionality of a state tax is proper, where the same allegations have been made by other plaintiffs in a pending state action against the same defendant. *Gray-Taylor, Inc. v. Harris County,* 569 F.2d 893 (5th Cir. 1978), *cert. denied,* 439 U.S. 954, 99 S.Ct. 351, 58 L.Ed.2d 344.

We accordingly vacate the order of the district court staying the proceedings of the Ohio Board of Tax Appeals, and remand the cause to the district court with instructions to dismiss.