**UNITED STATES of America**

v.

**ANDERSON COUNTY, TENNESSEE, et al.**

**No. 3–82–83.**

United States District Court, E. D. Tennessee, N. D.

April 15, 1982.

John H. McCarthy, Jimmie Baxter, Washington, D. C., for plaintiff.

Mike Lawson, Clinton, Tenn., Jim Creecy, State Atty. Gen., Nashville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff brought this action to obtain a declaratory judgment that a real property tax assessed by Anderson County, Tennessee is unconstitutional. Defendants have moved the Court to abstain and to dismiss this case because a case involving the same issue is pending in the Davidson County, Tennessee Chancery Court.

---

Plaintiff first instituted this action on July 15, 1980. The issue in that suit and the present one is whether or not Anderson County may levy a real property tax on the interest of Union Carbide Corporation (Union Carbide), if any, in real property known as the Y–12 Plant located in Anderson County. The land and plant are owned by the United States. Union Carbide operates the plant under a contract with the United States. On July 23, 1980, the case was dismissed so that the United States and Union Carbide could present their claim to the Anderson County Board of Equalization. On September 30, 1980 the Anderson County Board of Equalization ruled that the property tax on Union Carbide's interest in the Y–12 Plant was legal and appraised that interest at $370,000,000. Union Carbide appealed the decision to the Assessment Appeals Commission which reversed the Anderson County Board of Equalization, holding that Union Carbide had no taxable interest in the Y–12 Plant. On January 8, 1982 the State Board of Equalization reversed the Assessment Appeals Commission in a 4–3 decision. The State Board held that Union Carbide owned a real property interest in the Y–12 Plant and appraised that interest at $325,000,000. On February 12, 1982 the United States filed this action. On March 8, 1982, Union Carbide petitioned the Davidson County, Tennessee Chancery Court for review.

In *United States v. State of Ohio,* 614 F.2d 101 (6th Cir. 1979), the Court held that abstention was proper where government contractors challenged a state tax before the Ohio Board of Tax Appeals and the United States filed an action in federal district court challenging the same tax. The Court relied on the abstention doctrines set forth in *Railroad Commission v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) and *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971), and adopted the approach of the Second Circuit in *In the Matter of Levy,* 574 F.2d 128 (2nd Cir. 1978). There the Second Circuit held that a district court should not abstain in a case challenging state taxation if (1) there are no unsettled questions of state law which affect federal claims; (2) present state proceedings would not be interrupted by exercise of federal jurisdiction; (3) and the most important questions of law presented by the suit are federal, not state, questions. The Sixth Circuit concluded that none of the criteria was met in that case.

Plaintiff seeks to distinguish the *Ohio* case on the ground that there is no unsettled question of state law and by pointing out that in *Ohio* the United States' complaint asserted that the assessments involved were in violation of state law. These distinctions are without merit. Union Carbide argues in its petition for review filed in the Chancery Court that the assessment is contrary to Tennessee law in that the Y–12 Plant is used for a public purpose and is, therefore, exempt from taxation pursuant to Tenn.Code Ann. § 67–501, and further that under Tennessee law it has no taxable interest in the Y–12 Plant. The issues raised by Union Carbide are important ones and relate only to state law. The Sixth Circuit attached no significance to the fact that the Government relied only on Ohio law in its complaint. The Court recognized that the constitutionality of the state taxation was "bound to surface." 614 F.2d at 103. In the present case the United States raised the constitutional issue in its complaint.

None of the three criteria adopted by the Sixth Circuit indicates that abstention is improper in this case. The *Ohio* case, which is indistinguishable from the present case, compels the conclusion that abstention is proper. The reasons for abstention were succinctly stated by the Court in *Ohio:*

> The possibility of friction between state and federal government could thus be avoided, and the district court would not be required to make a constitutional determination based on speculative interpretation of state law.

*Id.* at 104. Under the circumstances of this case, dismissal of the action is required. *Id.* at 105–06.

The United States will not be prejudiced by the Court's abstention in this case. The

United States may seek to intervene in the state proceeding and the constitutionality of the taxation can be raised, either by Union Carbide or the United States. *Id.*

For the reasons stated, it is ORDERED that defendants' motion to abstain and to dismiss be, and the same hereby is, granted.

Order Accordingly.