19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary BLACKSTONE, Plaintiff-Appellant,
v.
Jerry DAUGHTRY; Nationwide Insurance Company; Nationwide
Insurance Company, Chairman, Ceo, Defendants-Appellees.
 No. 93-3085.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1994.
 
 On Appeal from the United States District Court for the Northern District of Ohio; No. 92-00285, Dowd, Jr., J.
 N.D.Ohio
 AFFIRMED.
 Before: MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Mary Blackstone appeals the district court's entry of summary judgment in this employment discrimination suit against defendant Nationwide Insurance Company in which Blackstone asserted claims under Title VII of the 1964 Civil Rights Act and 42 U.S.C. Sec. 1981, as well as a state law claim for intentional infliction of emotional distress. We affirm the judgment of the district court.
 
 I.
 A.
 
 2
 Blackstone was hired by Nationwide in August 1965 into a grade 2 position. Over the years, Blackstone was elevated to higher grade positions, and ultimately held the grade 5 position of benefits clerk in the personnel department.
 
 
 3
 Blackstone filed discrimination charges against Nationwide on two occasions prior to the events giving rise to this suit. In 1975, Blackstone charged that Nationwide discriminated against her when it refused to permit her to return to work after a medical leave of absence. The charged was dropped when Nationwide agreed to find a position for her. Blackstone filed another charge in 1982, based on Nationwide's alleged failure to promote her to the position of utility clerk. That charge was settled when the employee holding the utility clerk position resigned and Nationwide offered the job to Blackstone.
 
 
 4
 In December 1990, Blackstone was offered the opportunity to train for the job of regional benefits counselor, a grade 7 position that encompassed additional responsibilities and a higher salary range. Blackstone began her training, but was told in March 1991 that she would not be given the promotion. The regional benefits counselor position remains unfilled, and Nationwide is not seeking applicants for that job.
 
 B.
 
 5
 Blackstone filed charges with the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission, and, after receiving a right to sue letter, filed a timely pro se complaint in the district court against Nationwide and its vice-president, alleging that Nationwide failed to promote her because of her race and in retaliation for having filed her earlier discrimination charges. Blackstone later retained counsel and filed an amended complaint, asserting claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. Sec. 1981, and Ohio's common law on intentional infliction of emotional distress. Blackstone reiterated her promotion claim, and also alleged that Nationwide paid her less than comparably situated white employees. Blackstone further claimed to have suffered severe mental and physical distress as a result of Nationwide's allegedly outrageous conduct.
 
 
 6
 Following the close of discovery, defendants moved for summary judgment as to Blackstone's key allegations and causes of action. Although noting that defendants did not address every allegation in the amended complaint, the district court determined sua sponte that defendants were entitled to summary judgment on all claims.[1] The bases for the court's decision are discussed below.
 
 II.
 
 7
 "[T]he plain language of Rule 56(c) mandates the entry of summary judgment after an adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We review de novo the grant of summary judgment under Fed.R.Civ.P. 56. Faughender v. North Olmsted, 927 F.2d 909, 911 (6th Cir.1991). This court must view the evidence in the light most favorable to the nonmoving party, and will affirm if there is no genuine issue of material fact. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Applying this standard to the case before us, we conclude that summary judgment was properly granted as to each of Blackstone's causes of action.
 
 A. Title VII
 1.
 
 8
 Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a)(1), prohibits an employer from discriminating against an employee with respect to the employee's terms or conditions of employment because of the employee's race. To establish a prima facie case of discrimination, a plaintiff must demonstrate: (1) that she is a member of a protected class; (2) that she was not promoted; (3) that she was qualified for the position sought; and (4) that the position remained open and the employer continued to seek applicants from persons having the same qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The establishment of a prima facie case merely creates a rebuttable presumption of discrimination which drops out of the picture once the defendant articulates a legitimate, nondiscriminatory reason for its action. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2749 (1993). At that point, the plaintiff, who at all times bears the ultimate burden of persuasion, must prove that the defendant's explanation for its action was a pretext for discrimination. Id. at 2749, 2752.
 
 
 9
 We conclude that Blackstone did not establish a prima facie case of discrimination because she could not establish that the position of regional benefits counselor remained open after she was told that she would not be given the position, and that Nationwide continued to seek applicants for that position. The undisputed facts are that Blackstone was the only employee considered for the position, and that her level of competence was not sufficient for her to be given the additional responsibilities associated with the job. Nationwide neither filled the position nor sought other applicants.
 
 
 10
 Moreover, even if Blackstone were determined to have established a prima facie case, she presented no evidence to show that Nationwide's articulated reason for its decision was a pretext for discrimination. The district court conducted a thorough review of the extensive record submitted on defendants' motion for summary judgment, repeatedly citing to Blackstone's deposition testimony in which she disclaimed reliance on any facts or evidence in support of her claims other than her "feeling" that Nationwide's actions were based on her race.[2] Such conclusory allegations and subjective beliefs are wholly insufficient to establish a claim of discrimination. Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir.1992).
 
 
 11
 In sum, we conclude that the district court properly entered judgment against Blackstone on her Title VII claim of racial discrimination.
 
 2.
 
 12
 Section 704(a) of Title VII, 42 U.S.C. Sec. 2000e-3(a), prohibits an employer from retaliating against an employee because she has previously filed a discrimination charge. To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) this exercise of protected rights was known to defendant; (3) the defendant thereafter took adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. Canitia connection between the protected activity and the adverse employment action. Canitia v. Yellow Freight Sys., 903 F.2d 1064, 1066 (6th Cir.), cert. denied, 498 U.S. 984 (1990).
 
 
 13
 While Blackstone may have satisfied her burden of establishing the first three elements of her prima facie case, her claim founders on the fourth element. A causal connection between the protected activity and the adverse employment action may be established by circumstantial evidence. Id. Though no one factor is dispositive, evidence that the employer treated the plaintiff differently than identically situated employees,[3] or that the adverse action was taken shortly after the plaintiff's exercise of protected rights, is relevant to causation. Moon v. Transport Drivers, Inc., 836 F.2d 226, 230 (6th Cir.1987); Wrenn v. Gould, 808 F.2d 493, 501 (6th Cir.1987). Blackstone does not rely on these recognized factors. Rather, she argues that because she received no warnings or constructive criticism that she was not adequately progressing during her training period for the regional benefits counselor position, Nationwide's failure to promote her was attributable to her previous charges. As noted, such conclusory allegations are insufficient as a matter of law. Accordingly, we conclude that summary judgment was proper as to Blackstone's retaliation claim.
 
 B. 42 U.S.C. Sec. 1981
 
 14
 Blackstone asserts identical claims for discrimination and retaliation under 42 U.S.C. Sec. 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens[.]" The evidentiary framework applicable to Title VII cases governs Sec. 1981 claims as well. Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989); Mitchell v. Toledo Hosp., 964 F.2d at 582. Thus, Blackstone's claims under this statute fail for the same reasons discussed above. Blackstone did not establish a prima facie case, and did not demonstrate that Nationwide's articulated legitimate reason for its decision not to promote her was pretextual. We therefore conclude that the district court's dismissal of Blackstone's Sec. 1981 cause of action was proper.[4]
 
 C.
 
 15
 Blackstone contends that the district court improperly dismissed her equal pay claim because the claim was based on race rather than gender. It appears that the district court mistakenly viewed Blackstone's pay claim as having been brought under the Equal Pay Act, 29 U.S.C. Sec. 206(d)(1), which proscribes pay discrimination on the basis of gender. However, Blackstone's amended complaint asserted a claim under the "Equal Pay Act of Title VII," and Title VII proscribes racial discrimination in the terms or conditions of employment, including pay. Consequently, the district court's reason for dismissing that claim was incorrect. We nonetheless conclude that the district court reached the correct result and affirm its decision. Fryman v. Federal Crop Ins. Corp., 936 F.2d 244, 250 (6th Cir.1991) (court of appeals can affirm the lower court if it reached the right result for the wrong reasons).
 
 
 16
 Blackstone claims that Nationwide's allegedly subjective evaluation and pay policies have a disparate impact on black employees, with the result that they are paid less than comparably situated white employees. Despite the fact that Nationwide's salary structure is premised solely on job classification and performance, Blackstone focuses on pay disparities between black and white employees with equivalent seniority.
 
 
 17
 To establish a prima facie case of disparate impact, a plaintiff must do more than show statistical disparities in the employer's work force.
 
 
 18
 The plaintiff must begin by identifying the specific employment practice that is challenged.... Especially in cases where an employer combines subjective criteria with the use of more rigid standardized rules or tests, the plaintiff is in our view responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities.
 
 
 19
 Wards Cove Packing Co. v. Atonio, 490 U.S. 642, 656 (1989) (quoting Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 994 (1988)). Blackstone has not met these requirements.
 
 
 20
 Analysis of the pay chart submitted by Blackstone in opposition to defendants' motion for summary judgment reveals that there were 51 grade 5 employees in Blackstone's office, 9 of whom were black. The salary range for the white employees started lower and ended higher than that for black employees. Analysis of the salary paid to employees with any given seniority category yields different results. For example, the black employee with four years of service earned less than two white employees with two years of service. However, the black employee with five years of service earned more than one white employee with the same seniority, and less than another; the black employee with seven years of service earned more than all three white employees with the same seniority. Conversely, one black employee with eight years of service was paid less than three white employees with the same seniority. Blackstone herself was one of only two grade 5 employees who were evaluated by the same supervisor; the other employee was white, and was paid less than Blackstone. As this court has explained, "[f]or statistics to be valid and helpful in a discrimination case, 'both the methodology and the explanatory power of the statistical analysis must be sufficient to permit an inference of discrimination.' " Simpson v. Midland-Ross Corp., 823 F.2d 937, 944 (6th Cir.1987) (quoting Segar v. Smith, 738 F.2d 1249, 1274 (D.C.Cir.1984), cert. denied, 471 U.S. 1115 (1985)). The data submitted by Blackstone do not present sufficient statistical disparity to establish a prima facie case of discrimination.
 
 
 21
 Additionally, Blackstone has failed to identify the specific employment practices that allegedly are responsible for the claimed disparity in pay. It is undisputed that all but one of the other grade 5 employees were employed in different job classifications, had different responsibilities, and were evaluated by different supervisors who had responsibility for determining raises in salary. It is simply insufficient in this context to point to differences in pay throughout the entire category of grade 5 employees. See Wards Cove Packing Co., 490 U.S. at 656-57 (holding that, just as an employer may not avoid liability by demonstrating that at the bottom line his work force is racially balanced (where particular practices may deprive minorities of opportunities), a Title VII plaintiff does not establish a case of disparate impact simply by showing that at the bottom line there is a racial imbalance in the work force).[5]
 
 
 22
 In sum, we hold that Blackstone presented insufficient evidence in support of her claim that Nationwide's policies had a disparate impact on salaries, and affirm the district court's entry of judgment on Blackstone's unequal pay claim.
 
 D.
 
 23
 Finally, Blackstone argues that Nationwide is liable for intentional infliction of emotional distress under Ohio law. Even if the record contained facts which would support a claim of actionable conduct by the employer, Blackstone's cause of action fails due to her failure to demonstrate that she suffered emotional distress, as required by Ohio law.
 
 
 24
 In Yeager v. Local Union 20, 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (1983), the Ohio Supreme Court held that "in order to state a claim alleging the intentional infliction of emotional distress, the emotional distress alleged must be serious." Blackstone argues that a genuine issue of fact exists as to whether she has suffered serious emotional distress. We disagree. Blackstone testified only that she became nervous and upset as a result of Nationwide's conduct, and sometimes had problems sleeping at night. She consulted her doctor, and was prescribed a medication that she took for approximately two months. Accepting Blackstone's testimony as true, her emotional distress does not rise to the level of seriousness required under Ohio law. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 318 (6th Cir.1989). Summary judgment was proper as to this claim.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 In appropriate circumstances, the district court may grant summary judgment sua sponte. Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984). The district court's decision to do so in this case is not challenged on appeal. Nor is the entry of summary judgment in favor of the individual defendant
 
 
 [2]
 Blackstone's reliance on various awards given on the basis of nominations by other employees, is misplaced. The employees identified by Blackstone were not her supervisors, and there is no claim that these individuals were in a position to evaluate her job performance knowledgeably. Gagne v. Northwestern Nat'l Ins. Co., 881 F.2d 309, 316 (1989)
 
 
 [3]
 While Blackstone claims to have been subjected to "harassing conduct" since the resolution of her 1982 charge, careful review of the record reflects only a litany of complaints regarding, e.g., a supervisor's failure to say hello, alleged instances of rudeness on the part of another employee who, according to Blackstone, had a general reputation for being "nasty", and modification of the office's vacation structure to allow more employees to enjoy time off during the Christmas holidays. Blackstone offered no evidence in support of her belief that these incidents were retaliatory, other than her subjective beliefs and feelings
 
 
 [4]
 The district court dismissed Blackstone's Sec. 1981 claim because she had not demonstrated that the regional benefits counselor position constituted a "new and distinct relationship" with Nationwide so as to constitute a new contract within the meaning of Sec. 1981, as interpreted by the Supreme Court in Patterson v. McLean Credit Union, 491 U.S. 164 (1989). We find it unnecessary to reach this issue in light of the paucity of evidence in support of Blackstone's claims. United States v. Anderson County, 761 F.2d 1169, 1174-75 (6th Cir.), cert. denied, 474 U.S. 919 (1985) (a reviewing court can sustain the judgment of a lower court on any ground that finds support in the record)
 
 
 [5]
 Blackstone appears to contend as well that Nationwide's promotion policies had a disparate impact on black employees. There is no competent evidence on this issue