## TOMPKINS v. RAIN, et ux.

[No. 2462, Jan. 22, 1921.]

### SYLLABUS BY THE COURT.

1. The payee in a promissory note who has possession therefore is presumed to be its owner, even though his indorsement appears thereon; it being presumed that the note was never transferred, or that it has been retransferred to him.

2. Where the judgment is supported by substantial evidence, it will not be disturbed on appeal.

Appeal from District Court, Quay County; Leib, Judge.

Action by F. G. Tompkins against W. J. Rain and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Ed F. Saxon, of Tucumcari, for appellants.

H. H. McElroy, of El Paso, Texas, for appellee.

### OPINION OF THE COURT.

BRATTON, District Judge. Appellee instituted this suit to recover personal judgment against the appellants William J. Rain and wife, Catherine Rain, upon four promissory notes executed by them in the sum of $60 each, payable to the order of appellee, and to foreclose a mortgage deed executed by them securing said notes, covering certain described lands; such foreclosure being sought as to all appellants. William J. Rain and Catherine Rain, by their amended answer, admitted the execution and delivery of the notes sued upon and the mortgage sought to be foreclosed, but alleged that they were executed without consideration. As a further defense said appellants pleaded that they had obtained a loan of $600 from the F. B. Collins Investment Company, which company acted through its agents, Bowen & Boyer; that they executed a first mortgage upon the lands described in this suit to F. B. Collins Investment Company to secure said loan; that the notes here sued upon

were given in payment of the commission charged for obtaining said loan, and in addition thereto they paid to said agents $37 as a further commission; that said sums so paid for commissions were in excess of that allowed by section 1803, Code 1915, and were therefore not recoverable. Appellee replied, denying that said notes were executed in payment of any commission but were to cover part of the interest on the loan made by the F. B. Collins Investment Company, and that they were made payable to the appellee's order by request of said company; that Bowen & Boyer received only $23 as a commission for negotiating such loan. The remaining defendants failed to appear and were adjudged to be in default. Upon a trial judgment was rendered for plaintiff upon the notes and for the foreclosure of the mortgage.

By the first assignment of error appellants contend that the court erred in rendering judgment for the plaintiff because the F. B. Collins Investment Company is the real party in interest, and hence appellee cannot maintain this suit. The notes sued upon are payable to the order of F. G. Tompkins, at the office of the F. B. Collins Investment Company, at Oklahoma City, Okl.

The following indorsements appear on each of them;

"F. G. Tompkins.

"Assigned to Chas. E. Coleman. Payment of this note guaranteed at maturity. The F. B. Collins Investment Company, by H. F. Young, Sec'y."

The only other evidence in the record concerning the ownership of these notes is four letters dated January 30, April 11, May 6, and May 17, 1918. These are written upon the letterheads of the F. B. Collins Investment Company, Oklahoma City, one of which is signed "F. B. Collins Investment Company, by G. R. B." and the remaining three are signed "T. M. Miller, Vice President." In these letters demand is made for the payment of the notes, but they nowhere say who owns such notes. Thus we here have a case where the origi-

nal payee in the notes brought suit upon them and held possession of them at the trial of the case, even though they bear his indorsements as well as that of the F. B. Collins Investment Company.

[1] The general rule is that in such instances the payee in the note is presumed to be the owner thereof and may maintain the suit.

"Where paper bearing the payee's indorsement is found in his possession, it is presumed that he has never delivered it or that it has been retransferred to him, and whether such indorsement be a general or special one, it has been held that the payee may strike out such indorsement." 7 Cyc. 796.

"So if a note is held by the payee, with his own indorsement upon it, he will still be presumed to be the owner, and this is true of any other holder whose indorsement appears on a bill or note held by himself, whether the indorsement be conditional or absolute." 8 Cyc. 230.

"So if a note is held by the payee, with his own indorsement on it, he will still be presumed to be the owner, and this is true of any other holder whose indorsement appears on the bill or note held by himself, whether the indorsement is conditional or absolute." 8 C. J. 1006.

Numerous cases are cited in the above texts to support this principle.

We think the letters offered in evidence were insufficient to overcome this presumption. They merely demand payment of the notes, without purporting to state to whom they belong, and are only ex parte statements made by a third person. In this connection it is to be borne in mind that these notes were payable at the office of the F. B. Collins Investment Company at Oklahoma City, and it is entirely reasonable and natural that demand for their payment should come through such source. It is quite reasonable that said company only held these notes for collection, and in writing these letters was only attempting to collect them.

It is next contended by appellants that the court erred in rendering judgment for the appellee because the notes sued upon were given in payment of a commission for negotiating and obtaining the loan of $600 from F.

B. Collins Investment Company, and that such commission exceeded the maximum chargeable under the provisions of section 1806, Code 1915. Appellant William J. Rain was the only witness who testified in the case. He testified in part as follows:

"Q. That is the way you understood it? You made one mortgage at 6 per cent. and you figured 4 per cent. full time and made the four notes covering the 4 percent. interest, and you knew that was your understanding? A. Yes, sir; if I paid in two years.

"Q. You didn't understand when you paid the $240 it was interest? A. Yes, sir.

"Q. Now you understood at all times since this loan was made that the notes that are now being sued on covered the interest and difference between the 6 per cent and the 10 per cent. called for in the separate interest notes? A. Yes, sir,

"Q. You didn't understand that it was a commission?

"A. I understood it was interest and that I could pay in two years. That was the whole condition."

[2] It is therefore obvious that the only testimony in the record upon this issue clearly shows that the notes sued upon were given in payment of interest upon the $600 loan made by the F. B. Collins Investment Company and were not for a commission charged on such loan. There being substantial evidence to support the judgment, the same will not be disturbed by this court. A citation of the many cases so holding is unnecessary.

Finding no error in the record, the judgment is affirmed; and it is so ordered.

Roberts, C. J., and Raynolds, J., concur.