23 P.(2d) 622

## SPEARS v. SUTHERLAND.

No. 3738.

Supreme Court of New Mexico.

April 21, 1933.

Rehearing Denied July 26, 1933.

Richard F. Burges, of El Paso, Tex., and Edwin Mechem, of Las Cruces, for appellant.

W. A. Sutherland, of Las Cruces, for appellee.

ZINN, Justice.

The appellant instituted an action to recover on two negotiable promissory notes, against the appellee. The appellant was the payee and the appellee was the maker of said notes, and were in the possession of the appellant. The appellee in his answer admitted the execution and delivery to the appellant of the notes in question. The case was tried before the court without jury, and, after the notes were introduced in evidence, on cross-examination of the appellant he stated that the notes probably belonged to Spears & Co., which was a $1,000,000 company of which the appellant owned $950,000. Thereupon the appellee moved the court to dismiss the case and for judgment on the ground that the appellant was not the owner of the notes, which motion was sustained and judgment entered dismissing the case on the theory that the appellant was not the real party in interest, from which judgment of dismissal the appellant perfected an appeal to this court.

The appellant was the payee and in possession of the notes, and could and did sue in his own name as the real party in interest within the meaning of the Code (Comp. St. 1929, § 105-103). The appellee was completely protected if judgment has been entered against him and could not again be exposed to a second action. Eagle Mining & Improvement Co. v. Lund, 14 N. M. 417, 94 P. 949.

The complaint and answer having determined the matter of ownership, that question was not in issue. Waldock v. Winkler, 51 Okl. 485, 152 P. 99. The case is therefore reversed and remanded for further proceedings. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.