763 P.2d 1169

**John E. EDWARDS and Jean M. Edwards, his wife, Plaintiffs–Appellees,**

v.

**Robert J. MESCH and Florence M. Mesch, his wife, Defendants–Appellants.**

**No. 17599.**

Supreme Court of New Mexico.

Nov. 2, 1988.

David D. Johnson, Albuquerque, for defendants-appellants.

Lynch & Printz, Will Jeffrey, Albuquerque, for plaintiffs-appellees.

## OPINION

SCARBOROUGH, Chief Justice.

Defendants-appellants, Robert J. and Florence M. Mesch (Mesches), executed a promissory note in favor of plaintiffs-appellees, John E. and Jean M. Edwards (Ed-wards), as payees on March 14, 1986. The promissory note for the amount of $6,000.00 with interest at the rate of 10% per annum on the balance was for money the Edwards had loaned to the Mesches. The Mesches subsequently defaulted on the note after making a single payment, and the Edwards brought suit to collect all unpaid principal and accrued interest. After a trial on the merits on November 11, 1987, the district court entered judgment for the Edwards in the sum of $6,751.10, with interest on the principal balance accruing at the rate of 10% per annum, and awarded attorney's fees and costs to the Edwards. We affirm.

On appeal the Mesches argue that the Edwards have no enforceable rights in the note and were not the real party in interest at the time of the trial. During the trial the Edwards did not deny assigning their interests in the note to the Tres Santos Corp., a closely held corporation, 100% of whose shares are owned by plaintiff-appellee, John E. Edwards. The Mesches argued at trial, and again on appeal, that since the Edwards assigned their interests in the note to the Tres Santos Corp., it became the real party in interest, and thus an indispensable party to the lawsuit. This argument finds no support in legal authority.

■ The promissory note which the Mesches executed to the Edwards is a negotiable instrument, and as such is governed by the Uniform Commercial Code (UCC). *See* NMSA 1978, § 55-3-104. According to the UCC, a "holder" of a negotiable instrument is "a person who is in possession of * * * an instrument * * * drawn, issued or indorsed to him or to his order or to bearer or in blank." NMSA 1978, § 55-1-201(20) (Orig.Pamp. & Cum. Supp.1988). Before a person can become a "holder", "[t]wo conditions must be satisfied * * * (1) the obligation evidenced by the instrument must run to him and (2) he must have possession of the instrument." 4 W. Hawkland & L. Lawrence, *Uniform Commercial Code Series* § 3–301:05 (1982). A negotiable instrument payee (the Edwards) is always a holder if the payee

has the instrument in his possession because the payee is the person to whom the instrument was issued. "It is inherent in the character of negotiable paper that any person in possession of an instrument which by its terms runs to him is a holder, and that anyone may deal with him as a holder." NMSA 1978, § 55–3–207 Official Comment 2. *See* Dugan, *A New Approach to "Holder" Conundrums Under Article 3 of the Uniform Commercial Code—A Reply to Professor White*, 13 B.C.Indus. & Com.L.Rev. 1, 9 n. 34 (1971).

The rights of a holder of a promissory note were discussed by this court as early as *Leitensdorfer v. Webb*, 1 N.M. 34, 51 (1853), *aff'd*, 61 U.S. (20 How.) 176, 15 L.Ed. 891 (1857). The Edwards in their argument on appeal rely on two later decisions, *Tompkins v. Rains*, 26 N.M. 631, 195 P. 800 (1921) and *Spears v. Sutherland*, 37 N.M. 356, 23 P.2d 622 (1933), wherein this court discussed the rights of payees when seeking payment on a note. In *Tompkins* we held that when a payee had possession of a note at trial, even if the note bore the indorsement of payee to a third party, "[t]he general rule is that in such instances the payee in the note is presumed to be the owner thereof and may maintain the suit." *Tompkins*, 26 N.M. at 633, 195 P. at 800–01. Given the definition of "holder" in the UCC discussed above, it is evident the rule in *Tompkins* was not disturbed by the passage of the UCC. In *Spears* the facts were similar to the instant case. Spears had brought suit to recover on two promissory notes on which he was payee and admitted at trial that the notes probably belonged to a "Spears & Co." which was almost entirely owned by Spears. Upon motion by Sutherland the district court dismissed the case on the grounds that Spears was not the real party in interest. Spears appealed, and we reversed, holding that "[t]he appellant was the payee and in possession of the notes, and could and did sue in his own name as the real party in interest * * *. The appellee was completely protected if judgment [were] entered against him and could not again be exposed to a second action." *Spears*, 37 N.M. at 357, 23 P.2d at 622 (citations omitted).

■ The Edwards were payees and holders of the note and could enforce payment of the note after they had assigned it to the Tres Santos Corp. "The holder of an instrument *whether or not he is the owner* may * * * enforce payment in his own name." NMSA 1978, § 55–3–301 (emphasis added). *See Brock v. Adams*, 79 N.M. 17, 21, 439 P.2d 234, 238 (1968). The Mesches' argument on appeal that the district court ruling exposes them to double liability is without merit. "The liability of any party is discharged to the extent of his payment or satisfaction to the holder even though it is made with knowledge of a claim of another person to the instrument * * . * ." NMSA 1978, § 55–3–603(1). Several exceptions to the discharge of liability by payment to a holder are set forth in Section 55–3–603, including bad faith and theft, but none of the exceptions apply in the instant case.

■ Rule 1–017 of Civil Procedure for the District Courts requires that "[e]very action shall be prosecuted in the name of the real party in interest * * *. The capacity of an individual * * * to sue or be sued shall be determined by the law of this state." SCRA 1986, 1–017(A) & (B). This court has held that the test for determining who is the real party in interest is "whether one is the owner of the right being enforced and is in a position to discharge the defendant from the liability being asserted in the suit." *L.R. Property Management, Inc. v. Grebe*, 96 N.M. 22, 23, 627 P.2d 864, 865 (1981) (quoting *Jesko v. Stauffer Chemical Co.*, 89 N.M. 786, 790, 558 P.2d 55, 59 (Ct.App.1976)). The Edwards in the instant case were the holders and payees on the promissory note and properly asserted their rights as plaintiffs at trial under NMSA 1978, Sections 55–3–104, 55–1–201(20), and 55–3–301. Furthermore, the Edwards were in a position at trial to discharge the Mesches from all liabilities to any third party from the promissory note. NMSA 1978, § 55–3–603(1). Therefore, the arguments that the Tres Santos Corp. was the real party in interest and an indispensable party at trial are without merit.

■ A review of the record below reveals the district judge expended commendable effort to explain the governing principles of law and his rulings in the instant case to the Mesches. We uphold the decision of the district court, and further hold that since the promissory note provides for costs and attorney's fees to payees for collection and enforcement of the note, the Edwards are entitled to recover reasonable attorney's fees on appeal. *See* SCRA 1986, 12–403. The judgment rendered by the district court is affirmed, and the cause is remanded to the district court solely to determine reasonable attorney's fees for the Edwards on appeal and to amend the judgment accordingly.

IT IS SO ORDERED.

SOSA, Senior Justice, and STOWERS, J., concur.