This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WELLS FARGO BANK, N.A.,**

**Plaintiff-Appellant,**

**v.**                                    **No. 34,781**

**LISA E. JONES,**

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nancy J. Franchini, District Judge**

Moses, Dunn, Farmer and Tuthill, P.C.
Mark A. Glenn
Albuquerque, NM

Snell & Wilmer, L.L.P
Andrew M. Jacobs
Tucson, AZ

for Appellant

Jane B. Yohalem
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Plaintiff, Wells Fargo Bank, N.A., appeals from the district court's order dismissing Plaintiff's foreclosure action with prejudice, as well as from the district court's order denying Plaintiff's motion to reconsider. This Court issued a calendar notice proposing summary reversal. Defendant, Lisa Jones, has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we reverse.

{2}     In our calendar notice, we proposed to hold that Plaintiff presented sufficient evidence to prove that it is the holder of the promissory note at issue in this case, having attached a copy of the note indorsed in blank to its complaint. [CN 4] *See Edwards v. Mesch*, 1988-NMSC-085, ¶ 3, 107 N.M. 704, 763 P.2d 1169 (recognizing that the holder of a negotiable instrument is one who has possession of an instrument indorsed in blank); *see also Phoenix Funding, LLC v. Aurora Loan Servs., LLC*, 2016-NMCA-010, ¶ 20, 365 P.3d 8, *cert. granted*, 2016-NMCERT-001 (No. 35,512, Jan. 19, 2016) (stating that "the bearer of a note indorsed in blank is ordinarily the holder of that note"). Consequently, we suggested that Plaintiff provided sufficient evidence to prove its standing to enforce the note. [CN 3-5]

{3}     We recognized in our notice of proposed disposition that the district court appears to have taken issue with the fact that the indorsement in blank was undated, and that the district court perceived a conflict between the indorsement in blank and

an undated special indorsement appearing on the same page. [CN 5-6] We suggested, however, that a common sense reading of the two indorsements indicated that the special indorsement by CTX—the original lender—to Washington Mutual necessarily preceded Washington Mutual's indorsement in blank. [CN 6-7] As such, we proposed to conclude that Plaintiff provided sufficient evidence to prove that it was in possession of the note, which had been indorsed in blank by Washington Mutual, making Plaintiff the holder of the note. [CN 7] For these reasons, we proposed to conclude that the district court erred in determining that Plaintiff did not have standing to bring the foreclosure action against Defendant. [CN 8]

{4}     In her memorandum in opposition, Defendant makes two broad challenges to our proposed disposition: (1) the authenticity and authority of the indorsements on the note were challenged by Defendant, and Plaintiff failed to meet its burden to demonstrate that the signatures on the note were authentic and that the signers had authority to negotiate the note [MIO 6-9]; and (2) the original note should have been produced in court, as opposed to a copy of the note, in order to prove possession [MIO 6-7].

{5}     With respect to Defendant's first argument, we note that under New Mexico's Uniform Commercial Code (UCC), in an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted

unless specifically denied in the pleadings. NMSA 1978, § 55-3-308(a) (1992). It does not appear, and Defendant does not argue, that Defendant's pleadings denied the authenticity of, or authority to make, the signatures on the note. Nevertheless, Defendant contends in her memorandum in opposition that there were a "number of problems" with the evidence offered by Wells Fargo to establish its standing, including: the physical appearance of the indorsements, which appear on a separate sheet of paper that is not numbered, dated, or otherwise specifically connected to the note; the order of the indorsements as they appear on the page; and the fact that the person who indorsed the note for CTX is described only as a "document signer." [MIO 7-8]

{6}    To the extent that we consider Defendant's challenge to the authenticity and authority of the signatures appearing on the note, although not specifically raised in any of her pleadings and apparently not raised in the district court at any time prior to the district court raising the issue of standing sua sponte during the hearing on Plaintiff's motion for summary judgment, we note that a "signature is presumed to be authentic and authorized[.]" Section 55-3-308(a). The Comment to Section 55-3-308(a) states that "until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid." Section 55-3-308(a) cmt. 1. The Comment goes on to state that "[t]he

4

defendant is therefore required to make some sufficient showing of the grounds for the denial before the plaintiff is required to introduce evidence." *Id*. "Until introduction of such evidence the presumption requires a finding for the plaintiff." *Id*.

{7}     Here, it does not appear that Defendant introduced any evidence to support a finding that the note's indorsements were either forged or unauthorized, other than her own speculation and inferences. [*See* MIO 8 ("The inference here is that the signer lacked this authority.")] We note that Defendant points out in her memorandum in opposition that there is a "large body of case law concerning the unreliability of the indorsements being produced across the country, particularly the indorsements of Wells Fargo." [MIO 8] Defendant directs our attention to one case in particular, *In re Carrsow-Franklin*, 525 B.R. 33 (Bankr. S.D.N.Y. 2015), to support her contention that Wells Fargo routinely creates the indorsements and documents necessary to establish standing to foreclose. [MIO 8] However, we are not convinced that the facts from a bankruptcy proceeding in New York constitute evidence that the indorsements in this case—including from CTX and Washington Mutual—were either forged or without authority. Furthermore, although Defendant asserts that this information was presented in her response to Plaintiff's motion for summary judgment [*see* MIO 8], it does not appear that this is the case, as Defendant simply—and generally—referred in that pleading to an unrelated "enforcement action regarding deficiencies in the

mortgage servicing and foreclosure processes of Wells Fargo" [*see* RP 88-91]. Instead, the first time Defendant specifically references Wells Fargo's purported penchant for manufacturing the necessary indorsements was in a footnote in her response to Plaintiff's motion to reconsider the dismissal with prejudice, but even then does not specifically allege that the indorsements in this case were either forged or without authority. [*See* RP 139, FN1] Consequently, we are not convinced that Defendant introduced any evidence to support her contention that the note's indorsements were either forged or without authority, and we determine that the presumption of validity remains in effect.

{8}      As to Defendant's second argument, that Plaintiff was required to produce the original note in court in order to prove possession, we note that Defendant has not provided this Court with any authority to support this point. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Consequently, we are not persuaded by Defendant's unsupported argument.

{9}      For these reasons, and those in our calendar notice, we reverse and remand to the district court for further proceedings.

{10}      **IT IS SO ORDERED.**

_____

6

                                    **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**LINDA M. VANZI, Judge**