This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**FEDERAL NATIONAL**
**MORTGAGE ASSOCIATION,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-36553**

**PATRICIA LEVEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Stone & Associates, PC
B.W. Stone
Albuquerque, NM

for Appellee

Gleason Law Firm, PC
Deirdre Gleason
Heath, MA

for Appellant

## MEMORANDUM OPINION

**VANZI, Chief Judge.**

**{1}** Defendant Patricia Levey, appeals from the district court's judgment of foreclosure. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. Having considered Defendant's arguments and remaining unpersuaded that our initial proposed disposition was incorrect, we affirm.

**{2}** In her memorandum in opposition, Defendant continues to argue that Plaintiff Federal National Mortgage Association failed to prove standing to foreclose. [MIO 1-10] *See Bank of N. Y. v. Romero*, 2014-NMSC-007, ¶ 7, 320 P.3d 1 (recognizing that a plaintiff must demonstrate that it had standing at the time it filed the complaint); *see also PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 19, 377 P.3d 461 (stating that to demonstrate standing, the foreclosing party has to demonstrate that it had the right to enforce the note and the right to foreclose the mortgage at the time the foreclosure suit was filed). We disagree. The record indicates that Defendant executed a promissory note (the Note) to First Horizon Home Loan Corporation (First Horizon). [RP 6] On October 10, 2013, Plaintiff filed a complaint for foreclosure in which it alleged that Defendant made and delivered the Note, secured by a mortgage on real property. [RP 1] Plaintiff alleged that it was the holder of the Note and the mortgage, and was entitled to enforce the Note. [RP 2 ¶ 4] Plaintiff also attached a copy of the Note to the complaint, which contained a blank indorsement signed by Stacy Largent,

vice president of First Horizon. [RP 9] Our case law has recognized that this is sufficient to make a prima facie showing of standing to enforce the Note. *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 25, 369 P.3d 1046 (recognizing that where a party presents a note indorsed in blank with the initial complaint, it is "entitled to a presumption that it could enforce the note at the time of filing and thereby establish standing").

{3}     Defendant argues that Plaintiff failed to show that First Horizon was the holder at the time the indorsement appearing on the Note was made, and therefore it is unclear whether the indorsement is in fact a blank indorsement or whether it is an anomalous indorsement. *See* NMSA 1978, § 55-3-205(b) (1992) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' "); Section 55-3-205(d) (" 'Anomalous indorsement' means an indorsement made by a person who is not the holder of the instrument."). Defendant notes that a blank indorsement and an anomalous indorsement can appear identical, but that an anomalous indorsement does not vest any right to enforce the note. [MIO 2-3, 4] Defendant argues that, as there is no presumption that an indorsement was made by the holder, Plaintiff was required to present evidence to establish that the indorsement was actually made by the holder and was not an anomalous indorsement, i.e., that First Horizon was the holder when the indorsement was made. [MIO 6, 9]

3

**{4}** We disagree, however, that the record was insufficient to show that the indorsement was made by the holder. The Note produced by Plaintiff was made payable to a single lender, First Horizon. *See Romero*, 2014-NMSC-007, ¶ 21 (noting that "[t]he payee is always a holder if the payee has possession" (internal quotation marks and citation omitted)). As First Horizon was the original lender, in order for it to have lost its status as holder prior to making the indorsement at issue here, it would have had to have first negotiated the Note to another party. *See* NMSA 1978, § 55-3-201(a) (1992) (" 'Negotiation' means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."). The copy of the Note, payable to First Horizon, also contained a single indorsement by First Horizon. It follows from this that First Horizon was the holder at the time the indorsement was made, because there is no indication of a prior negotiation in the form of another indorsement. *See* § 55-3-201(b) (stating that "if an instrument is payable to an identified [party], negotiation requires transfer of possession of the instrument and its indorsement by the holder"). As the indorsement did not identify a person to whom the Note was payable, the indorsement was a blank indorsement and not a special indorsement. Section 55-3-205(a) (stating that if an indorsement is made by the holder of an instrument "and the indorsement identifies a person to whom it makes the instrument payable, it is a 'special indorsement' ");

4

Section 55-3-205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' ").

**{5}** We therefore hold that Plaintiff established a prima facie case that the indorsement was a blank indorsement. Plaintiff's possession of a Note indorsed in blank was sufficient to establish its standing to foreclose Defendant's mortgage as the holder of the Note. *See Johnston*, 2016-NMSC-013, ¶ 25 (stating the holder of a note indorsed in blank may, as a general matter, enforce the note); *see also* § 55-1-201(b)(21)(A) (stating that the holder is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]").

**{6}** We also reject Defendant's argument that the district court was required to dismiss the case after denying Plaintiff's first motion for summary judgment when Plaintiff did not respond with additional evidence. [MIO 8] "The denial of a summary judgment motion is an interlocutory order and may be reconsidered by the district court at any time before final judgment." *Thompson v. Potter*, 2012-NMCA-014, ¶ 5, 268 P.3d 57; *see also Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 5, 106 N.M. 726, 749 P.2d 1105 (determining that it was not error for the district court to initially deny the defendant's motion for a directed verdict and later grant it

5

because a trial court may rescind or revise an interlocutory order at any time before entry of judgment that concludes the litigation).

{7} Finally, we address Defendant's argument that *Edwards v. Mesch*, 1988-NMSC-085, 107 N.M. 704, 763 P.2d 1169, is inapposite to this case. [MIO 5-6] We cited to *Edwards* in our notice of proposed summary disposition for the proposition that, under the Uniform Commercial Code (UCC), the holder of a negotiable instrument is one who has possession of an instrument indorsed in blank. *See id*., ¶ 3; *see also* § 55-1-201(b)(21)(A) (defining "holder" under the UCC). As Plaintiff had possession of a negotiable instrument indorsed in blank, it was the holder, and therefore could enforce the instrument. *See* NMSA 1978, § 55-3-301 (1992) (recognizing that the holder of an instrument is entitled to enforce it). Defendant argues that this case differs from *Edwards* because in *Edwards*, the promissory note at issue was never transferred. [MIO 6] It is irrelevant, however, whether or not the Note in this case was transferred after indorsement and before it came into Plaintiff's possession. As explained above, the Note was indorsed in blank and contained no special indorsement. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." Section 55-3-205(b).

{8} For these reasons, we affirm the district court.

{9}     **IT IS SO ORDERED.**


_____
**LINDA M. VANZI, Chief Judge**


**WE CONCUR:**


_____
**JULIE J. VARGAS, Judge**


_____
**EMIL J. KIEHNE, Judge**