This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-36075

**NATIONSTAR MORTGAGE, LLC,**

Plaintiff-Appellee,

**v.**

**ALAN BIRD,**

Defendant-Appellant,

**and**

**POLLY MAFCHIR,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Weinstein & Riley, P.S.
Jason Bousliman
Albuquerque, NM

for Appellee

Gleason Law Firm, LLC
Deirdre Gleason
Heath, MA

for Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}**     Plaintiff Alan Bird (Bird) appeals the district court's grant of summary judgment in favor of Nationstar Mortgage LLC (Bank) in this foreclosure action. Bird contends that disputes of material fact precluded the district court's determination that Bank established its standing to enforce the underlying note. We affirm.

**BACKGROUND**

**{2}**     The undisputed facts establish that Polly Mafchir (Mafchir) borrowed $227,502 from Bank and executed a promissory note (Note) secured by a mortgage on certain property in Santa Fe, New Mexico (the property). Mafchir defaulted on the Note in or around September 2013 and has made no payments or otherwise cured the default thereafter. Bank filed a complaint against Mafchir seeking foreclosure in February 2014.

**{3}**     Pursuant to NMSA 1978, Section 53-17-1 (1975), Bank brought this action as the holder of the note and the mortgagee of the deed of trust. Bank attached three exhibits to the complaint: (1) an unindorsed copy of the note made payable to Bank; (2) a copy of the recorded deed of trust Mafchir executed describing the property and transferring rights in the property to Bank; and (3) a copy of a deed of trust corporate assignment of mortgage dated January 2014 from Mortgage Electronic Registration Systems Inc. (MERS),[1] removing itself as nominee and assigning the mortgage to Bank. Three days after filing the complaint, Bank recorded a notice of lis pendens.

**{4}**     Mafchir never answered the complaint. However, on March 19, 2014, Bird moved to intervene claiming he had acquired title to the property from Mafchir via quitclaim deed and, therefore, had "an interest relating to the property." Bird paid Mafchir $3,100 in consideration for the quitclaim deed, notwithstanding that Bank had already recorded a notice of lis pendens. Bank stipulated to the intervention, which the district court subsequently granted. In his answer to Bank's complaint, Bird alleged Bank lacked standing to enforce the Note and that Bank's interest in the property was inferior to Bird's.

**{5}**     Bank sought default judgment against Mafchir and moved under Rule 1-056 NMRA for summary judgment against Bird. In support of its motion for summary judgment, Bank attached an affidavit from its assistant secretary, Michael Brown, (Brown affidavit) in which Brown attested to Bank's possession of the Note at the time the complaint was filed to establish standing to enforce its rights under the Note. The Brown affidavit stated the unindorsed copy of the Note attached to the complaint was a true and correct copy of the Note.

**{6}**     Bird responded to Bank's motion for summary judgment disputing all Bank's material facts and further asserting: (1) the motion for summary judgment was "premature"; (2) Bank failed to establish its standing to enforce the Note with admissible evidence; (3) the Brown affidavit was inadmissible hearsay; (4) the evidence did not

---

[1]MERS is a national electronic registry, created by the banking industry to avoid local and state recording fees, which keeps track of changes in the servicing and ownership of mortgage loans. *Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 35, 320 P.3d 1.

establish Bank was the lender/payee of the Note; and (5) the district court lacked subject matter jurisdiction over the matter. Bank replied that the district court had subject matter jurisdiction, the evidence showed Bank had standing to enforce the Note, and Bird did not present evidence sufficient to call into question any of the material facts.

**{7}** Bird filed his own motion for summary judgment. Although Bird conceded that Bank was the named lender in the "mortgage loan," he nonetheless argued that Bank lacked standing to enforce the Note claiming Bank sold the mortgage loan and had not demonstrated it regained "holder" status through a UCC-qualified "negotiation."

**{8}** Bank's response to Bird's summary judgment motion argued that: (1) it provided the district court with the original Note; (2) the copy of the Note attached to the complaint satisfied New Mexico's pleading standards under Rule 1-008 NMRA and Rule 1-009(I) NMRA; (3) as holder of the Note, Bank had standing to foreclose on the property; (4) Bank was not required to show it had the original Note at the time the complaint was filed; (5) Bird could not challenge the validity of any assignment of the mortgage; (6) securitization or sale of a loan is irrelevant to standing; (7) the testimony and corresponding business records confirmed Bank's possession of the Note before the complaint was filed and established Bank as a "holder" under *Deutsche Bank National Trust Co. v. Johnston*, 2016-NMSC-013, 369 P.3d 1046; and (8) Bird did not have standing to challenge Bank's standing.

**{9}** Bank attached seven exhibits to its response including an affidavit from Edward Hyne (Hyne affidavit), Bank's litigation resolution analyst, which described the verification of Bank's possession of the original Note less than a week before filing the complaint, and that Bank sent the original Note to their counsel on the day the complaint was filed. The Hyne affidavit included two copies of the Note, one with an undated blank indorsement and one without an indorsement; a record showing Bank's November 2011 registration with MERS, and subsequent sale of the Note's investment interest; and a file review checklist. Bird replied claiming Bank admitted to selling the Note, provided no evidence it re-acquired ownership of the Note, and the Bank's evidence establishing standing was inadmissible. In neither motion for summary judgment did Bird contest the existence and validity of the underlying loan or Mafchir's default.

**{10}** The district court denied Bird's motion for summary judgment, granted Bank's motion for summary judgment against Bird and motion for default judgment against Mafchir. The district court concluded Bank possessed the original, blank-indorsed Note and the original mortgage, and was therefore entitled to enforce both. The district court concluded that Bird had standing to challenge Bank's standing based on the executed quitclaim deed.

**{11}** This appeal followed. We note that Bank did not cross-appeal the district court's conclusion Bird had standing to challenge Bank's authority to enforce the underlying Note against Mafchir.

**DISCUSSION**

**{12}** Bird argues the district erred in granting Bank's motion for summary judgment because an issue of material fact exists as to whether Bank had standing to enforce the note. According to Bird, Bank sold the note and did not demonstrate with admissible evidence that it reacquired the note before filing the complaint.

**I.      Standard of Review**

**{13}** We review the grant or denial of summary judgment on appeal de novo. *City of Rio Rancho v. Amrep Sw. Inc.*, 2011-NMSC-037, ¶ 14, 150 N.M. 428, 260 P.3d 414. We will affirm the district court "if we conclude that there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). "We view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Id.* (internal quotation marks and citation omitted). "The party moving for summary judgment has the initial burden of establishing a prima facie case for summary judgment by presenting such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted." *Id.* (internal quotation marks and citation omitted). Once the movant meets this burden, "the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241. A fact is material if "under the pertinent substantive law, the fact is necessary to give rise to a claim." *City of Rio Rancho*, 2011-NMSC-037, ¶ 14 (internal quotation marks and citation omitted).

**{14}** Because we conclude Bank's motion for summary judgment was properly granted and resolves the issues on appeal, we do not address Bird's motion for summary judgment, except as it provides an additional basis for affirming the district court's grant of summary judgment in Bank's favor.

**II.      Bank Made a Prima Facie Case to Support Summary Judgment**

**{15}** As the movant in its motion for summary judgment, Bank was required to demonstrate it had standing to enforce the Note under New Mexico's Uniform Commercial Code (UCC). *See Romero*, 2014-NMSC-007, ¶¶ 17, 19. *See generally* NMSA 1978, §§ 55-1-101 to -12-111 (1961, as amended through 2015). The UCC requires a person seeking to enforce a note to prove it is either: "(i) the holder of the instrument[;] (ii) a nonholder in possession of the instrument who has the rights of a holder[;] or (iii) a person not in possession of the instrument who is entitled to enforce the instrument[.]" Section 55-3-301; *see also* § 55-3-104(a) (identifying a promissory note as a negotiable instrument). A plaintiff may show it is the holder of a note and satisfy standing requirements by attaching a note indorsed in blank to its complaint. *See Johnston*, 2016-NMSC-013, ¶ 23; *BAC Home Loans Servicing LP v. Smith*, 2016-NMCA-025, ¶ 11, 366 P.3d 714 ("[U]nder the UCC, possession of a note indorsed in blank ordinarily establishes the right of a third party as the holder of that note."); *cf.* §

55-1-201(b)(21)(A) (stating that the holder of a note is "the person in possession of a [note] that is payable either to bearer or to an identified person that is the person in possession") "The payee is always a holder if the payee has possession." *Romero*, 2014-NMSC-007, ¶ 21.

**{16}**     Bank first demonstrated it was the holder of the Note by attaching a copy of the Note to the complaint, showing Bank as the Note's payee. Bird concedes the Note was made payable to Bank. In its response to Bird's motion for summary judgment, Bank attached the Hyne affidavit, which included another copy of the Note showing Bank as payee and with a single blank indorsement from Bank.

> Where paper bearing the payee's indorsement is found in his possession, it is presumed that he has never delivered it or that it has been retransferred to him, and whether such indorsement be a general or special one, it has been held that the payee may strike out such indorsement.

*Tompkins v. Rain*, 1921-NMSC-015, ¶ 5, 26 N.M. 631, 195 P. 800 (internal quotation marks and citation omitted). The Hyne affidavit included Bank's business records which showed the Note was never transferred and that Bank has always been the loan servicer. These facts demonstrated Bank was the payee of the Note and had continuous possession of the Note from the time it was executed to the filing of the complaint. Further, Bank also demonstrated standing as the holder of a note properly indorsed in blank. "Under the UCC, possession of a note properly indorsed in blank establishes the right to enforce that note." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 12, 336 P.3d 443. Thus Bank made a prima facie showing of its standing to enforce the note on two separate grounds in accordance with our case law.

### III.     Bird Did Not Demonstrate the Existence of a Genuine Issue of Material Fact

**{17}**     "Once the movant makes a prima facie showing, the party opposing summary judgment has the burden to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Horne v. Los Alamos Nat'l Sec., L.L.C.*, 2013-NMSC-004, ¶ 15, 296 P.3d 478 (internal quotation marks and citations omitted). Bird generally argues that Bank did not make a prima facie case of entitlement to summary judgment with admissible evidence. Specifically, Bird argues that some of the evidence relied on by Bank gives rise to an inference Bank did not possess or have the right to enforce the Note when it filed its foreclosure complaint. For the reasons we explain below, we conclude Bird did not demonstrate the existence of specific material facts requiring a trial on the merits.

**{18}**     Bird's arguments hinge on his contention that Bank sold the Note, including that Bank's failure to produce "complete documentation regarding the Note and the transactions of sale" required the district court to impose an adverse presumption against Bank, and that the district court applied a rule that "once a holder, always a holder" to conclude Bank had standing. Bird does not cite where in the record Bank

admitted to selling the Note. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("We are not obligated to search the record on a party's behalf to locate support for propositions a party advances or representations of counsel as to what occurred in the proceedings."). Instead, Bird references Bank's admission to selling an investment interest in the Note and relies on his own unsupported assertions that the sale of an investment interest evidences the Note's sale. "It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." *Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 (internal quotation marks and citation omitted). In support of his position, Bird also cites transcript pages from a transcript not included in the record proper. We do not consider matters outside the record. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482. Bird offers no authority that a holder of a note relinquishes its enforcement rights when it sells an investment interest in the note. We therefore assume none exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Nor does Bird explain how this is relevant under the UCC enforcement provisions when Bank is in possession of the Note, indorsed-in-blank, and the original payee. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We decline to review such an undeveloped argument.").

**{19}** We similarly decline to address Bird's undeveloped claim that Bank lacked standing based on Bank's failure to claim independent settlement or mediation authority because Bird does not explain how independent settlement or mediation authority interacts with the UCC enforcement requirements or offer authority in support thereof. *See id.*

**{20}** Bird notes that the certification of possession of original Note signed and filed by Bank's counsel is based on statements and certifications of attorneys that are not admissible evidence sufficient to prove Bank possessed the Note when the complaint was filed. We are not persuaded. Having concluded that Bank made a prima facie case of standing without relying on this evidence, the admissibility of this evidence is irrelevant.

**{21}** Bird also challenges the authenticity of the Note contending that since *Johnston* promissory notes are no longer self-authenticating, and therefore the district court took improper judicial notice of the Note's authenticity. Bird's reliance on *Johnston* to negate Bank's standing is misplaced because our Supreme Court did not consider the self-authentication of commercial paper or hold that notes secured by a mortgage are no longer self-authenticating. "Cases are not authority for propositions not considered." *Sloan v. State Farm Mut. Auto. Ins. Co.*, 2004-NMSC-004, ¶ 12, 135 N.M. 106, 85 P.3d 230 (alteration, internal quotation marks, and citation omitted).

**{22}** Bird also argues the evidence presented by Bank was inadmissible and therefore, the district court improperly took judicial notice of the Note's authenticity. However, "[t]he *form* of summary judgment evidence itself does not have to meet the requirements of admissibility for trial evidence, but the *substance* of the evidence must be of a type that can be admitted at trial." *Seal v. Carlsbad Indep. Sch. Dist.*, 1993-

NMSC-049, ¶ 14, 116 N.M. 101, 860 P.2d 743. The Brown and Hyne affidavits and attached exhibits provided sufficient evidence for the district court to rely on to conclude the Note was authentic, regardless of whether they were objectionable as to form.

**{23}** Bird argues that the existence of the blank indorsement on the copy of the Note attached to the Hyne affidavit and Bank's claims it was both a holder and holder in due course implies the note has been traded and is sufficient to create a genuine issue of material fact. We disagree. Under our jurisprudence, because Bank is the payee on the Note and in possession of it, we presume Bank never transferred the Note, or if it did, that it regained possession of the Note. *See Tompkins*, 1921-NMSC-015, ¶ 5. Bird presented no evidence to overcome this presumption. *See id.* ¶ 7 (considering whether letters offered into evidence were sufficient to overcome the presumption enjoyed by a payee in possession of a note). Further, Bank brought suit under the legal theory that it was a holder of the Note, not a holder in due course.

**{24}** We are similarly unpersuaded by Bird's argument that the assignment of the mortgage by MERS to Bank creates an issue of material fact as to whether a person other than Bank was entitled to enforce the Note. Bird does not explain how the assignment of the mortgage to Bank before filing of the foreclosure complaint means Bank was not a holder of the Note and instead relies on speculation that some undisclosed "principal" directed MERS to transfer the mortgage. We do not address this speculation further. *See Horne*, 2013-NMSC-004, ¶ 15 (reiterating that speculation is insufficient to overcome a prima facie case for summary judgment).

**{25}** Bird argues the district court gave Bank improper deference when reviewing the evidence. Once Bank made its prima facie case of standing, the burden shifted to Bird "to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth*, 1992-NMSC-011, ¶ 17. Having concluded Bank demonstrated a prima facie case of standing, we conclude Bird's accusation of improper deference is without merit and do not consider it further.

**{26}** Despite conceding Bank was the original payee and holder of the Note, Bird argues the blank indorsement on the Note was an anomalous indorsement because there is no evidence Bank held the Note when the indorsement was made. An anomalous indorsement is "an indorsement made by a person who is not the holder of the instrument. An anomalous indorsement does not affect the manner in which the instrument may be negotiated." Section 55-3-205(d). Without citation to another indorsement or evidence of a transfer, Bird nonetheless argues Bank became a non-holder before indorsing the Note in blank. Because there is no evidence Bank lost its holder status, the indorsement is a blank indorsement. *See* § 55-3-205(a)-(b) ("If an indorsement is made by the holder of an instrument and it is not [payable to an identified person or bearer], it is a blank indorsement[.]").

**{27}** To the extent any of Bird's arguments were intended to allege Bank fraudulently attached a fake Note to the complaint, we observe that Bird has not met fraud's heightened pleading requirements, *see* Rule 1-009(B), and consider the argument no

further because it is unpreserved. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the [district] court was fairly invoked.").

**{28}** Based on the foregoing, we conclude Bird failed to demonstrate the existence of any specific evidence which created a genuine issue as to any material fact or that the district court relied on improper evidence when it found Bank had standing to enforce the note.

**{29}** Finally, to the extent Bank contends Bird was not the proper party to challenge Bank's standing, Bank stipulated to Bird's intervention and did not cross-appeal the district court's finding that Bird had standing to challenge Bank's standing. Therefore, Bird's standing is not before us. Even so, we observe Bank sought default judgment against Mafchir and that "[i]n instances where a foreclosure plaintiff seeks a default judgment, courts should raise the standing issue *sua sponte* and carefully scrutinize the plaintiff's standing to safeguard the integrity of New Mexico's property system and protect subsequent bona fide purchasers." *Johnston*, 2016-NMSC-013, ¶ 27 n.4.

**CONCLUSION**

**{30}** For the foregoing reasons, we affirm the district court's judgment denying Bird's motion for summary judgment and granting Bank's motion for summary judgment.

**{31} IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**MEGAN P. DUFFY, Judge**